The Standard Steel Castings Co. *v.* Painter.

*Negligence — Safety appliance statute — Section 1027, General Code — Contributory negligence as defense — Section 6245-1, General Code — Effect of workmen's compensation act — Failure to plead or prove noncompliance.*

1. Section 6245-1, General Code, providing when employers may have the benefit of the defense of contributory negligence in actions brought against them to recover damages for personal injuries sustained by employes as the result of the violation by the employer of a statute enacted for the safety of employes, was rendered inoperative and inapplicable by the Workmen's Compensation Act, to actions governed by that act, and at present such section applies only to employers not within the provisions of the Workmen's Compensation Act.

2. In an action by an employe for damages for personal injuries sustained in the course of his employment, in which it was admitted that the defendant employer regularly employed five or more workmen, such employer may set up the defense of contributory negligence where there is no allegation or proof that such employer had not complied with the Workmen's Compensation Act.

(Decided March 5, 1921.)

Error: Court of Appeals for Cuyahoga county.

*Messrs. Dustin, McKeehan, Merrick, Arter & Stewart,* for plaintiff in error.

*Messrs. Howell, Roberts & Duncan,* for defendant in error.

WASHBURN, P. J.    Section 6245-1, General Code, which is a part of the Employers' Liability Act, provides that where the violation by the employer of a statute enacted for the safety of employes contributes to the injury of an employe, and such employe sues such employer to recover damages for such injury, the employer cannot avail himself of the defense of contributory negligence, unless by the terms of the employment it was expressly made the duty of such employe to report such violation to the employer and the evidence shows that such employe failed so to report and that the employer was not possessed of knowledge of such violation.

By the Workmen's Compensation Act, which was later passed, this section was rendered inoperative and inapplicable in actions for injuries by employes against employers who were subject to the provisions of the Workmen's Compensation Act, to-wit, those regularly employing five or more employes.    The statute is still operative and applicable to employers who do not regularly employ five or more men, but the duties, obligations and rights of employers who regularly employ five or more men are fixed exclusively by the provisions of the Workmen's Compensation Act.

By that act employers who have in their service five or more workmen or operatives regularly in the same business are required to comply with that act and provide insurance for their employes, either by contributing to the state insurance fund or availing themselves of the self-compensating provisions

of that act. (Section 1465-69.) Employers of five or more men who do not comply with the provisions of the Workmen's Compensation Act are by said act deprived of the defense of assumption of risk, the defense of contributory negligence and the defense of the fellow-servant rule. (Section 1465-73.)

Such employers as do comply with the Workmen's Compensation Act are not liable to respond in damages at common law or by statute (Section 1465-70), except where the injury has arisen from the wilful act of such employer or his agents, or from the failure of such employer or his agents to comply with a lawful requirement for protection of the lives and safety of employes (Section 1465-76), and in such suit the employer is entitled to plead the defense of contributory negligence and the defense of the fellow-servant rule.

It will thus be noted that the right of employers who regularly employ five or more men to avail themselves of the defense of contributory negligence is fully covered and exclusively controlled by the provisions of the Workmen's Compensation Act, and as to such the provisions of Section 6245-1 have no application, force or effect.

In this case, John T. Painter, an employe, sued The Standard Steel Castings Company to recover damages for an injury received by him while in the employ of said company, and he alleged, and offered evidence to prove, that his injuries were caused by the failure of the company to comply with a lawful requirement, in violation of Section 1027, General Code, in failing to adjust with handrailing a run-

way or staging used by its employes, the same being more than five feet from the floor. The petition did not allege in so many words that the company regularly employed five or more men, and there was no allegation as to whether or not it had complied with the provisions of the Workmen's Compensation Act. The company answered, and plead contributory negligence. Painter replied denying contributory negligence, and the case came on for trial without either side alleging whether or not the employing company was subject to the provisions of the Workmen's Compensation Act or whether or not it had complied with such act.

Painter in his petition alleged that the employing company owned and operated a shop and factory and was engaged "in the business of manufacturing steel castings, and one of the departments in its factory is known as a chipping room, in which it owns and operates a large overhead travelling crane * * * which it uses for the purpose of lifting and carrying large steel castings and other material." And in the trial of the case he testified that "they make castings and axles and all such things as that for automobiles;" that "there is the foundry and the machine shop and the blacksmith and the pattern shop, and then there is this chipping room." He was then asked how many men were employed there, and counsel for the company admitted "that we employ more than five men, if that is what you are getting at." Counsel for plaintiff replied "All right," and did not pursue the subject further. The record therefore disclosed that the employing company regularly employed more than five men, which was in no wise controverted in

the pleadings or evidence, but the plaintiff, Painter, offered no proof upon the subject of whether or not the employing company had or had not complied with the Workmen's Compensation Act. When the plaintiff rested, the defendant also rested without offering any proof as to whether or not the employer had complied with the Workmen's Compensation Act.

If the defendant could avail itself of the defense of contributory negligence, which it had plead, the evidence of the plaintiff was such as to justify the court in charging upon that subject. The court charged as follows:

"The claim of contributory negligence, I might say, has no place in this case. Where the negligence consists in the violation of a duty to guard machinery, there is no defense of contributory negligence."

It is claimed that in so charging the court committed error, and on that ground we are urged to reverse the judgment of $25,000, which Painter recovered for the loss of a leg, below the knee.

At common law the employing company had the right to plead and have considered the defense of contributory negligence. In this case that right was not taken away by Section 6245-1, because that section was not applicable; that right was not taken away by Section 1465-73 of the Workmen's Compensation Act, because there was no proof that the employer had *not* complied with that act; therefore, it was error for the court to charge that the defense of contributory negligence, which had been pleaded, had "no place in this case."

We need not determine whose duty it was to plead and prove the facts which would enable the court to apply the provisions of the Workmen's Compensation Act, or to determine whether or not there is a presumption that one required to comply with the law has done so. The fact is that the Workmen's Compensation Act applied, and such act, under the allegations and proof, did not deprive the employing company of its common-law right to avail itself of the defense of contributory negligence, and there was no other act applicable to the case which deprived the employing company of its common-law right to avail itself of the defense of contributory negligence, and it having plead that defense, and that question under the evidence being for the jury, the court was in error in charging that there could be no defense of contributory negligence in the case.

Judgment reversed for error in the charge of the court.

*Judgment reversed.*

VICKERY and INGERSOLL, JJ., concur in judgment.