LUTHER TERRY v. THE STATE.

No. 8764.   Delivered May 6, 1925.

Rehearing denied Oct. 14, 1925.

1.—Possessing Intoxicating Liquor—Minutes of Court—Sufficient.

Where the minutes of the court do not contain the name of the appellant showing return of the indictment, under Art. 446 C. C. P. it is held sufficient. Following Bohannon v. State, 14 Tex. Crim. App. 273 and other cases cited.

2.—Same—Charge of Court—Defining Possession—Held, Sufficient.

Where on a trial for possessing intoxicating liquor, the court in his charge defined "possession" as "having the personal charge of and exercising the right of ownership and control of" the liquor in question. In the Newton case, Judge Lattimore of this court uses this language: "We think the court's definition of possession as applicable to this offense, viz: that it meant having personal charge of and exercising the right of ownership and control of the liquor in question, presents no error." Following Newton v. State, 250 S. W., 1037.

3.—Same—Charge of Court—On Circumstantial Evidence—Not Required.

Where on a trial for possessing intoxicating liquor for purposes of sale, the evidence establishes that one half gallon of whisky was found in the residence of appellant, over which he exercised full control, and being prima facie proof that it was possessed for the purpose of sale, a charge on circumstantial evidence, was not required.

4.—Same—Charge of Court—Limiting Testimony—Held, Proper.

Where testimony of the finding of whisky in an auto, which the evidence showed had been sold by appellant to witness, the court charged the jury not to consider this, unless they found it to be true, and that it shed light on the offense with which appellant is charged, a special charge covering this issue requested by appellant, was properly refused.

5.—Same—Argument of Counsel—Held Improper—Not Reversible Error.

Where counsel for the State in his argument stated that it was thought from what defendant's counsel had said about character witnesses, for the defendant, in the presence of the jury, that they were going to show his good character. While improper, such argument is not such error as will require a reversal of the case. Following Coyle v. State, 21 S. W., 765; House v. State, 19 App. 239.

6.—Same—Evidence—Properly Admitted.

Where on a trial for possessing intoxicating liquor for the purpose of sale evidence that a still was found on premises under appellant's control at the same time, was properly admitted, and there was no error in the trial court refusing a special charge limiting or withdrawing such testimony.

7.—Same—Conduct of Court—Verbal Instructions—Not Permissible.

Complaint is made that the court gave an oral instruction to the jury in passing upon the admissibility of testimony of a sale of intoxicating liquor purported to have been made by appellant. While it is true that the court may not give verbal instructions in a felony case, we do not conceive from the record before us that this was an' attempt to do so, and do not think the statement of the court can be viewed as a verbal charge.

### ON REHEARING.

8.—Same—Charge of Court—Not Reversible Error—When Invited.

While it may be conceded that paragraph 9 of the court's main charge, limiting the purpose for which testimony of the finding of a still on premises said to be controlled by appellant, was erroneous, such testimony being properly admitted, appellant's special charge No. 11, requesting the withdrawal of said testimony from the jury, or that the court should give in charge paragraph 9, precludes the appellant from complaining of said paragraph, as same was given in the main charge.

9.—Same—Charge of Court—Circumstantial Evidence—Properly Refused.

Appellant urges that a charge on circumstantial evidence in this case should have been given. A careful examination of the record does not sustain his contention. While it is true that it is shown that John Terry and his wife lived in the house with appellant where the whisky was found, the evidence as a whole conclusively establishes that Terry had no connection with the whisky, but that it was in the exclusive possession and control of the appellant, and his motion for a rehearing is overruled. Distinguishing Lehman v. State, 18 Tex. Crim. App. 174 and Mathis v. State, 272 S. W., 204.

Appeal from the District Court of Wise County. Tried below before the Hon. F. O. McKinsey, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale; penalty, two years and six months in the State penitentiary.

The opinion states the case.

*Phillips, Brown & Morris,* for appellant.

*P. L. Gettys,* County Attorney; *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Wise county for possessing intoxicating liquor for the purpose of sale and his punishment assessed at two year and six months' confinement in the penitentiary.

By bill of exception No. 1 complaint is made that the indictment could not be identified by the minutes of the court, because the name of appellant does not appear therein. In this there was no error shown. Art. 446, Code of Criminal Procedure; Bohannon v. State, 14 App. 272; Malloy v. State, 33 S. W. 1082; Fields v. State, 151 S. W. 1051; Haynes v. State, 83 S. W. 16.

By bill of exception No. 2 appellant complains of the court's charge in defining possession. The definition as given by the court was correct. Newton v. State, 250 S. W. 1037.

In this case the court defined "possession" as "having personal charge of and exercising the right of ownership and control of" the liquor in question. In the Newton case, supra, Judge Lattimore uses this language:

"We think the court's definition of possession as applicable to this offense, viz., that it meant having personal charge of and exercising the right of ownership and control of the liquor in question, presents no error."

By bill of exception No. 3 appellant complains of the action of the court in failing to charge on circumstantial evidence. A charge on circumstantial evidence was not required in this case. One half gallon of whisky was found in the residence of appellant where he and his wife lived, and over which he exercised full control.

Under the statute this was *prima facie* evidence that appellant possessed the liquor for the purpose of sale.

Sec. 2-e, page 54, Acts of Second Called Session of the Legislature, 1923; Davis v. State, 267 S. W. 513; Egbert v. State, 176 S. W. 560.

Bill of exception No. 4, complains of the refusal of the court to give appellant's special charges; but a careful examination of the court's charge convinces us that every right appellant had in this matter was fully protected.

By bill No. 5 appellant also complains of the court's action in refusing to give a special charge limiting the consideration or effect to be given the finding of the whisky in the car of the witness Layton and also to the finding of the whiskey on the ground where Layton's car was stopped. This charge was properly refused, in view of the charge on this question already given by the court. The testimony shows that Layton had bought the whiskey found in his car from the appellant only a short time before the appellant's house was searched and under these conditions every right appellant had was protected by the court when he charged the jury to the effect that testimony had been admitted to the effect that a car in which Layton and other persons were riding had been stopped and that whiskey was found in the car and that by the road side near the place where the car was stopped and that in that connection the jury was instructed that they could not consider this testimony for any purpose unless they believed it shed light on the offense with which the defendant is charged, and unless they did so believe they would disregard said testimony for any purpose. We see no material difference between this charge and the one offered by the appellant, to the effect that before they could consider this evidence the jury must believe that the defendant had been in some manner connected with the whiskey so found.

Bill of exception No. 6 complains of the remark of counsel for the State to the effect that it was thought from what defendant's counsel had said about character witnesses for the defendant in the presence of the jury that they were going to show his good character. This remark ought not to have been made; but, under the authorities in this State, it is not such error as will require a reversal. Coyle v. State, 21 S. W. 765; House v. State, 19 App. 239.

Bill No. 7 complains of the charge of the court and of the refusal to give a special charge as to the finding of a still at the time in question on the place that the defendant had rented and was in possession and control of at the time. The witness, Kirkman, testified that he was in the employ of the defendant and that he helped construct one of the little houses and that the defendant had employed him to build it, and there was other evidence showing that the defendant was connected with the operation of this still; the still was right near the home where he was living, and the evidence is ample to show—at least by the strongest kind of circumstances—that he had a guilty connection with it.

By bills 8, 9 and 10 complaint is made of the court's action in refusing to allow the appellant to ask the officers who found the whiskey on the defendant's premises whether they saw any whiskey in his possession, etc. We think that the cross-examination of these witnesses clearly shows that appellant was afforded every right to conduct a fair and reasonable cross-examination of them, and we see no abuse of the court's discretion in the ruling complained of.

By bill No. 13 complaint is made because the court permitted State's counsel to ask the witness, Calvert, who was one of appellant's attorney's and who testified for him on the trial of the case, concerning certain statements that the State's witness Layton was alleged to have made to him in his office, as to Layton's condition with reference to being drunk, etc. This matter is of hardly sufficient importance to require discussion. The bill does not show what the witness' answer was to some of the questions, and the entire matter seems to have been admissible as reasonable cross-examination.

By bill No. 14 appellant complains that the court gave verbal instructions to the jury. This bill shows that while the witness, Layton, was testifying for the State that he went to defendant's house on the night of the alleged offense about two hours prior to the time the officers searched the premises and that he then and there asked the defendant if he had any whiskey and the defendant said he did, and Layton told him he wanted a half gallon, and the defendant brought it to him and he paid him five dollars for it, whereupon counsel for defendant objected to said testimony, and in admitting it the court made the statement that he would overrule the objection with the explanation that the defendant was on trial here for possession of intoxicating liquor for sale and that the jury could

not convict him for any other offense and that they could not convict in this case for selling liquor, but if they believed defendant had liquor in his possession on the occasion testified about that they might consider this evidence, if they believed that it bore on the issue as to the purpose for which he had it in his possession, and that they could not use it for any other purpose, and that it was admitted on that issue if the jury believed it had any bearing on it—that is, the purpose for which he had the whiskey.

While it is true that the court may not give verbal instructions in a felony case, we do not conceive from the record before us that this was an attempt to do so. It was more in the nature of a limitation, favorable to the defendant, of the testimony at the time it was admitted, and the court followed this with a correct written charge limiting this testimony. Under these conditions, we do not think the statement of the court can be viewed as a verbal charge.

Finding no error in the record, and being convinced that the facts are sufficient to warrant the verdict of the jury, it is our opinion that the case should in all things be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeal and approved by the court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We think it necessary to advert to only three matters urged by appellant in his motion for rehearing.

As throwing light upon the purpose for which appellant was in possession of the whiskey found on his premises the State proved that a still, barrels, mash, etc., were found on another place which appellant seems to have had under his control at the time. We stated in our opinion that this still was found near the home where appellant was living. This was a mistake. The still and other paraphernalia were found in a small house about forty feet from a rent house on the farm under appellant's control, but distant about a mile and a half from his residence. In paragraph nine of his main charge the court undertook to limit the effect of the testimony as to finding the still on these other premises, by telling the jury if they believed the testimony of the witnesses relative thereto shed any light on or showed any connection with the offense for which the defendant was on trial they might consider said testimony and give it such weight and credence as the jury deemed the same entitled to receive. Appellant excepted to said paragraph nine of the charge because it failed to instruct the jury that before they could consider said testimony for any purpose they must believe beyond *a reasonable doubt* that defendant was in possession of or operating said still and equipment. This exception seems to be supported by Lankford v. State, 93 Texas Criminal Reports, 442, 248 S. W. 389,

and the authorities therein cited. It would raise a serious question were it not for appellant's special charge number eleven, which reads as follows:

"You are instructed as a part of the law in this case which you will consider along with the court's main charge, (a) that if you believe from the evidence that the officers of Wise county found a still and barrel of mash on premises other than on those on which the defendant resided at the time of the alleged commission of the offense for which the defendant is now under trial, you cannot consider same for any purpose, and same is hereby withdrawn from you. (b) And in the event the Court refuses to give this charge, then defendant requests that he give in charge to the jury paragraph nine of his main charge."

This special charge is antagonistic to the exception urged against paragraph nine of the main charge. In the special charge appellant specifically tells the court if he does not withdraw from the consideration of the jury the evidence relative to finding the still and mash then he desired paragraph nine of the main charge to be given. Under this state of the record we can not hold the court to have been in error in refusing to comply with the exception presented to said paragraph nine. He committed no error in declining to withdraw the evidence.

As further throwing light upon the purpose for which appellant possessed the whiskey in question, the state proved that a short time before the officers reached the house appellant had sold some whiskey to one Layton whom they met as they were going to appellant's premises. Evidence was admitted as to what was found in Layton's car and to the circumstances incident to the search of the car by the officers. Complaint is made of the manner in which the court limited the purpose for which the testimony about stopping Layton's car and finding whiskey therein might be considered by the jury. This raises no serious question when taken in connection with the charge immediately following in which the jury were told they must believe from the evidence beyond a reasonable doubt that appellant sold whiskey to Layton on the night in question before they could consider that circumstances as having any bearing upon the case then upon trial. The search of the car by the officers was only incident to the sale of the whiskey to Layton. The court properly limited the testimony upon the vital point, to-wit: whether appellant sold whiskey to Layton.

Appellant renews his contention that the court should have charged on circumstantial evidence because John Terry and his wife were also living in the same house in which appellant and his family resided, claiming that no presumption would arise that the whiskey in the house was in the possession of appellant any more than in the possession of John Terry. As supporting this contention appellant

relies on Lehman v. State, Texas Criminal Reports 174, and Mathis v. State, 272 S. W. 204. Unless there be evidence in the record taking the present case out of the principle announced in those referred to it would appear that appellant's contention is sound. There is some conflict in the testimony as to the quantity of whisky found in appellant's residence, but the testimony of the sheriff is to the effect that they found in the house more than a quart. The wife of appellant testified that John Terry and his wife had occupied the house with witness and her husband for about two years, living there as members of the family. She further testified that on the evening before the officers found the whiskey a negro had brought a jar about half full to the house and told witness to give it to her husband (appellant); that she had set it in the ice box where it was when the officers came, and that her daughter took it out of the ice box and hid it in the oven of the stove. Witness further testified that she and her husband had possession and control of the place on which they lived at the time of the search and arrest. Further on in her testimony she says that when the negro brought the whiskey to the house her husband would not drink it and set it in the ice box; that when the officers came her daughter asked if that whiskey was still in the ice box, and upon being told that it was said she was going to hide it, and placed it in the stove. Considering all of the testimony we believe the case is not one of circumstantial evidence, and the court committed no error in declining to charge upon the subject.

The motion for rehearing is overruled.

*Overruled.*