### E. R. KELLER v. THE STATE.

No. 10795.   Delivered March 16, 1927.

1.—Possessing Intoxicating Liquor—Charge of Court—On Circumstantial Evidence—Improperly Refused.

Where, on a trial for possessing intoxicating liquor, it was established that two gallons of whiskey were found in the store of appellant's father, and the only connection shown of appellant with said whiskey was the fact that he worked for his father, the court erred in failing to submit the law of circumstantial evidence in his charge to the jury. Distinguishing Terry v. State, 275 S. W. 837.

2.—Same—Requested Charge—Defensive Theory—Covered in Main Charge.

Where appellant requested a charge submitting his defensive theory to the effect that the jury must find that he exercised some control over said whiskey, and the same issue was fairly presented in the court's main charge, there was no error in refusing the special charge.

Appeal from the District Court of Carson County. Tried below before the Hon. W. R. Ewing, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale, punishment one year in the penitentiary.

The facts show that appellant's father was engaged in the grocery business in the town of Panhandle, appellant being a clerk in said establishment. On the occasion in question officers, armed with a search warrant, went to the store of appellant's father and found therein something over two gallons of whiskey concealed in a sack. They also found a number of empty bottles, some of which had about them| the odor of whiskey. Appellant was unloading a truck load of goods which he had brought to the place from Amarillo, and he seems to have left the premises when he found that the officers had arrested his father, and he was apprehended two or three days later. No one testified to having seen appellant in possession of or having any personal touch or contact with or exercising any control, care and management of the intoxicating liquor so found by the officers, save such as might arise from the fact of his working in the store of his father, and any inference which might follow from the fact that he testified that he had bought the bottles found on the place. He said he bought them for the purpose of resale, and also to put oil and things of that kind in them|, it frequently happening that tourists and persons passing by wanted oil and had no container to hold it.

There is only one bill of exceptions in the record, which was reserved to the failure of the court to instruct the jury on the law of circumstantial evidence. The state contends that such charge should not have been given, and reference is had to Terry v. State, 275 S. W. 837. We do not think the Terry case in

point.  In that case a quantity of liquor was found in the residence of the appellant himself, and we held it not necessary to charge on the law of circumstantial evidence.  In this case, we take it from the testimony that at most appellant would be guilty as a principal offender, which conclusion, if sustainable at all, would be by reason of the fact that he worked in the store with his father, where a quantity of intoxicating liquor was found. The guilt of appellant's father might be inferable from the fact of the finding in his store of a quantity of intoxicating liquor, but there is no testimony showing that appellant brought the liquor there, or that he ever sold any of it, or that he in any way exercised any care, control and management of said liquor, nor are any statements relative thereto attributed to him by any witness.  Appellant took the stand himself and testified positively that he did not know anything about the presence of said liquor, and had never sold any of it, and had nothing to do with it.  We think the learned trial judge in error in not submitting the case to the jury upon the law of circumstantial evidence. Appellant excepted to the charge of the court for its failure to tell the jury that the bare presence of the defendant at the place where the crime is alleged to have been committed would not be sufficient to justify the jury in concluding him a principal.  This would be a correct proposition of law, but we find that the court gave a special charge asked by appellant in which the jury were told that it was not sufficient that the defendant have knowledge that whiskey was being kept on the premises, if the jury should find and believe that he had knowledge that whiskey was so possessed, but that the jury must find and believe beyond a reasonable doubt that the defendant himself exercised some control or ownership over said whiskey, and unless the jury did so find and believe beyond a reasonable doubt, they should find him not guilty.  We believe this sufficiently meets the complaint at the main charge for not instructing the jury that the naked presence of the defendant alone would not be sufficient.  We seriously doubt the sufficiency of the testimony.

Believing that the learned trial judge erred in refusing to charge the jury on the law of circumstantial evidence, and that such error was material, the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*