## CLARENCE BUCHANAN V. THE STATE.

No. 10928.  Delivered October 5, 1927.

**1.—Possessing Intoxicating Liquor—Jury Commissioners—Place of Residence—Rule Stated.**

Where two of the jury commissioners who selected the jury panel lived in the town of Panhandle, and the other lived in the county, there was no error in overruling appellant's motion to quash the panel, because the commissioners were not residents of different portions of the county.  See Art. 333, C. C. P.  Following Williams v. State, 75 S. W. 859.

**2.—Same—Motion to Quash Affidavit—Not Proper Practice.**

Where appellant moved to quash the affidavit and search warrant under which the search was made, the court properly overruled his motion.  The objection to the affidavit and search warrant should have been made to their

introduction where offered in evidence. Following Foster v. State, ·282 S. W. 600, and Raymond v. State, 291 S. W. 251.

### 3.—Same—Bill of Exception—Incomplete—No Error Shown.

Where a bill of exception complains of the admission of evidence secured by a search of appellant's automobile, and his bill does not set out the substance of either instrument, such bill is incomplete and presents no error.

### 4.—Same—Continued.

It is the well settled rule that a bill of exception should be made so full and certain in its statements that in and of itself it will disclose all that is necessary to manifest the supposed error. See Branch's Ann. P. C., Sec. 207, p. 132, and Sec. 207, p. 131.

### 5.—Same—Bill of Exception—Objections to Evidence—Rule Stated.

A mere statement in a bill of exception of a ground of exception is not a certificate of the judge that the facts which form the basis of the objection are true, but merely shows that such an objection was made. The bill should go further and set out the facts which form the basis of the objections, as true.

### 6.—Same—Evidence—Cross-Examination—Of Defendant—Rule Stated.

Where the accused takes the stand as a witness he is subject to the same rules as to his cross-examination as any other witness. His cross-examination will not be restricted to matters inquired about on his direct examination. See Branch's Ann. P. C., Sec. 147, pp. 84 and 85, and authorities there cited.

### 7.—Same—Charge of Court—On Circumstantial Evidence—Not Necessary.

Where appellant was caught in his automobile which contained two and one-half gallons of whiskey, a charge on circumstantial evidence was not necessary, the possession of this quantity of whiskey being prima facie evidence that its possession was for the purpose of sale. See Art. 671, P. C. Terry v. State, 275 S. W. 837.

### 8.—Same—Requested Charge—On Weight of Evidence—Properly Refused.

Where appellant requested a charge to the effect that the state must show beyond a reasonable doubt that his testimony that he did not know the whiskey was in his car was not true, was properly refused. The jury are the judges of the credibility of a witness, and are not required to accept the testimony of the accused, or any other witness as true.

### 9.— Same — Evidence — Of Search — Its Admissibility — Practice in Trial Court.

Where the trial court, after objection presented, on a preliminary hearing, has ruled that evidence of a search and seizure is admissible, a bill of exception embracing the facts on the preliminary hearing is the proper method of presenting the alleged error to the reviewing court, and not by a special charge directing the jury to disregard the evidence admitted. See Bingham v. State, 262 S. W. 747.

**10.—Same—Declarations of Accused—After Arrest—Res Gestae—Properly Admitted.**

Where appellant and his automobile were taken in custody by officers, and some twenty minutes thereafter while being taken to jail he stated to the officers that he had two gallons and a half of whiskey in the car, such statement was a part of the res gestae, and properly admitted in evidence.

**11.—Same—Argument of Counsel—Not Reversible Error.**

Where, in his argument to the jury, counsel for the state asserted that he had sufficient evidence to convict appellant of perjury, such assertion was improper, but in view of the infliction of the minimum punishment does not warrant a reversal of the case.

Appeal from the District Court of Carson County. Tried below before the Hon. A. L. Shirley, Special Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*James Spillar* and *Frank R. Murray*, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MARTIN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale, the punishment confinement in the penitentiary for one year.

By bill of exception No. 1, appellant complains of the action of the trial court in overruling his motion to quash the jury panel. Appellant asserts that two of the jury commissioners lived in the town of Panhandle, and further that the sheriff selected the jury commissioners and that his selection was adopted by the judge. The court heard evidence on the motion. It was shown by the testimony that one of the jury commissioners lived on Third Street in the town of Panhandle, about two blocks south and four blocks east of the courthouse; that another commissioner lived in the town of Panhandle, three blocks north and one block west of the courthouse, and that the third commissioner lived in the town of White Deer, in Carson County. The testimony of the sheriff is uncontradicted to the effect that the District Judge selected the three jury commissioners and ordered him to summon them. The one question, therefore, presented by the bill is: "Was the jury commission disqualified because two of its members lived in the town of

Panhandle?"   Art. 333, C. C. P., requires that the jury commissioners be residents of different portions of the county.   No arbitrary disregard of this statute is disclosed by the bill.   While two of the commissioners lived in different parts of the town of Panhandle, the third commissioner came from the town of White Deer.   In the case of Williams v. State, 75 S. W. 859, this court sustained the action of the trial court in overruling a motion to quash the jury panel on the ground that the jury commissioners who selected the jury all resided in the city of Houston.   The court said:

"The mere fact that the jury commissioners all reside within the city of Houston, which contains two-thirds of the qualified voters of the county, would not render them disqualified to act as jury commissioners, having other qualifications.   The statute does not say how far the commissioners shall live from each other, but merely that they shall reside in different portions of the county."

Following the case of Williams v. State, supra, we are constrained to sustain the action of the trial court in overruling appellant's motion.

By bill of exception No. 2, appellant complains of the action of the trial court in overruling his motion to quash the affidavit and search warrant under which the search was made, on the ground that these instruments did not comply with the law for various reasons recited in the motion.   The court properly overruled the motion.   This procedure is not sanctioned by the rule prevailing in this state.   Foster v. State, 282 S. W. 600; Raymond v. State, 291 S. W. 251.

By bill of exception No. 3, appellant asserts that the court committed error in permitting Allen Johnson, deputy sheriff, to testify concerning the result of the search of appellant's car. The objection to the testimony was based on the ground that the affidavit was made upon information and belief, that it stated no facts showing probable cause, and that it failed to describe the car with accuracy.   The affidavit and search warrant were not set out in the bill, nor is the substance of either instrument given.   The legal presumption is that the ruling of the trial court was correct, unless the bill of exceptions shows otherwise. See Branch's Ann. P. C., Sec. 207, p. 132.   The bill under consideration does not comply with the rule that a bill of exception should be made so full and certain in its statements as that, in and of itself, it will disclose all that is necessary to manifest the supposed error.   Branch's Ann. P. C., Sec. 207, p. 131.

Bill of exception No. 4 preserves an objection to the testimony of the officer that appellant told him at the time he searched the car that he had the whiskey. As shown by the bill, appellant's objection was based on the ground that he was under arrest and that the testimony was an attempt to offer in evidence his declarations without complying with the statute governing confessions; and further that the testimony could not be considered a part of the res gestae since the evidence showed that the declarations were made some twenty or thirty minutes after appellant was taken into custody. No evidence is incorporated in the bill that would verify the truth of appellant's objections. The statement contained in the bill that the testimony could not be considered as a part of the res gestae because it happened twenty or twenty-five minutes after appellant was arrested constitutes a mere statement of a ground of objection. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. See Branch's Ann. P. C., Sec. 209, p. 134; Edelin v. State, 281 S. W. 1078. The bill not being sufficient to enable us to determine whether the trial court committed error in admitting the testimony, we must presume that the court's ruling was correct.

By bill of exception No. 5, appellant complains of the action of the trial court in admitting the testimony of the officer touching declarations made to him by appellant. This bill is in the same attitude as bill No. 4, and we must presume that the ruling of the court was correct.

Appellant asserts by bill of exception No. 6 that he took the witness stand for the sole purpose of giving testimony on his application for a suspended sentence and assigned as error the action of the court in requiring him under cross-examination by the District Attorney to testify to matters not covered by the examination in chief. The court's ruling was correct. The rule at common law which confines the cross-examination of a witness to questions propounded on examination in chief does not obtain in Texas. Branch's Ann. P. C., Sec. 147, p. 84, and authorities cited. When the defendant takes the witness stand he is subject to the same rules as any other witness. Branch's Ann. P. C., Sec. 147, p. 83, and authorities cited.

It is unnecessary to discuss bill of exception No. 7, further than to say that our discussion of bill No. 4 is applicable to this bill.

Bill of exception No. 8 preserves appellant's objections to the court's charge. Numerous objections are shown in the bill but we deem it unnecessary to consider but one, that is, the failure of the court to instruct the jury on the law of circumstantial evidence. The facts are these: Officers were making a search of a negro's house in the town of Panhandle about 10:30 o'clock at night when appellant drove up in his car and stopped beside the house near a door. One of the officers ran to the car. Whereupon appellant started the car and the officer jumped on the running-board and ordered him to stop, which he did. The officer asked appellant what he had in the car and appellant replied by asking the officer if he had a search warrant and stated to the officer that it would take a search warrant to see what was in the car. One of the officers then got into the car with appellant and drove to the courthouse while the other officer followed them. A search warrant was secured. Two or three minutes before the car was searched appellant asked one of the officers how much he wanted and the officer replied that he wanted all that he had. Whereupon appellant said: "Two gallons and a half of whiskey." Immediately after this statement was made, the officers searched the car of appellant and found two and one-half gallons of whiskey underneath the seat in the back of the car. The whiskey was in half-gallon fruit jars. The back cushion of the car was arranged so that it could be pulled out and the whiskey secured without the necessity of going back of the car.

The evidence is direct that appellant was in possession of two and one-half gallons of whiskey. This was prima facie evidence that appellant possessed the liquor for the purpose of sale. See Art. 671, P. C.; Terry v. State, 275 S. W. 837. A charge on circumstantial evidence was, therefore, not required.

Bill of exception No. 9 complains of the refusal of the court to instruct a verdict of not guilty. The evidence is sufficient to sustain the judgment of conviction, and the trial court properly refused to give this peremptory instruction.

Bill of exception No. 10 complains of the refusal of the court to give appellant's requested charge, which reads as follows:

"In this case the defendant stands charged with transporting and possessing intoxicating liquor and he testifies that he did not know that said liquor was in his car at the time he was arrested; you are charged that unless the state has shown beyond a reasonable doubt that the statements so made were untrue you will acquit the defendant and return a verdict of not guilty."

The court properly refused to give this charge for the reason that it singles out the testimony of appellant, is improperly framed and is on the weight of the evidence.

Bill of exception No. 11 complains of the refusal of the court to give appellant's special charge, which in substance embodies an instruction to the jury not to consider the testimony touching the results of the search of appellant's car. The bill manifests no error. The requested instruction was evidently sought on the theory that the testimony was inadmissible as touching the results of a search made under an illegal search warrant. It was within the province of the court, on a preliminary hearing, to determine the admissibility of this evidence. If, after the hearing, the court was of the opinion that the evidence was admissible, a bill of exception embracing the facts on the preliminary hearing was the proper method of manifesting the alleged error to the reviewing court. See Bingham v. State, 262 S. W. 747.

Bill of exception No. 12 asserts that the court committed error in refusing to instruct the jury, as requested by appellant, not to consider for any purpose whatever the testimony of the witnesses as to the statements made by appellant with reference to the alleged whiskey found in appellant's car and the relation of appellant thereto. We are unable to agree with appellant that this instruction should have been given. The record discloses that the statements were made by appellant fifteen or twenty minutes after the officer got in the car with him to drive to the courthouse and before the search was made. Two or three minutes after the declaration was made to the officers they found two and one-half gallons of whiskey in appellant's car. In our opinion the declarations are shown by the record to be a part of the res gestae.

Bill of exception No. 13 shows that in his argument to the jury the District Attorney said, in referring to appellant: "I have enough evidence to indict this man for perjury. O. L. Thorp and Allen Johnson both testified against this man and it only takes two witnesses to convict for perjury." The bill shows that the court instructed the jury not to consider the statement of the District Attorney that he had enough evidence to indict appellant for perjury, but is silent as to whether such instruction was given relative to the remainder of the statement. The bill fails to disclose that the argument was not a legitimate deduction from the facts in evidence. Moreover, in view of the fact that appellant received the lowest penalty and that the evidence is amply sufficient to sustain a conviction, we are of the

opinion that the argument, if improper, presents no reversible error.

Finding no error the judgment is affirmed.          *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.