LOUIS FROMM v. THE STATE.

No. 13961.   Delivered February 11, 1931.
Rehearing Denied June 10, 1931.

266

The opinion states the case.

*W. B. Howard,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The *offense is* possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one and one-half years.

Appellant operated a filling station. Approaching the station, officers saw appellant come out of the building and go toward a dugout, which was about fifty yards from the station. Appellant had a fruit jar carton under his arm. A search being made, the officers discovered three half-gallon jars full of whisky. Appellant testified that the liquor found by the officers had been placed in his house a few minutes before by a man whose name he did not know; that this man left the whisky in order that appellant might sample it and buy it if it suited him; that he (appellant) and his wife used whisky for medicinal purposes; that it was his intention to sample the whisky and determine whether he would buy it; that the unknown person left with the purpose of returning for his money, but that he had never come back for it. Appellant's wife testified that she and her husband used whisky for medicinal purposes. A doctor testified that he had advised appellant to use whisky as a stimulant. For the purpose of impeaching appellant, the state proved that he had theretofore been indicted in another case involving a liquor law. We are unable to reach the conclusion that the evidence is insufficient to support the conviction. The jury were warranted in concluding that appellant's version of the transaction was not true. Looking to the state's testimony, it is observed not only that appellant possessed more than a quart of intoxicating liquor, but that when the officers approached he apparently endeavored to hide such liquor.

We find in the record some objections to the court's charge. It is recited that said objections were duly presented to the trial court before the main charge was read to the jury, but such statement is not authenti-

cated by the trial judge. Hence the objections are not entitled to consideration. Davis v. State, 28 S. W. (2d) 794.

Appellant filed an application for a continuance, but brings forward no bill of exception in respect thereto. Hence the action of the court in overruling the application cannot be reviewed. Myers v. State, 3 S. W. (2d) 438.

No error being presented, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In paragraph 6 of the court's charge it is said:

"It is not unlawful for a person to have in his possession whisky or any other intoxicating liquor when the same is being so had and held for medicinal purposes."

It is the contention of the appellant that this paragraph of the charge limited his defense to the possession of the liquor for medicinal purposes. In paragraph 8 of the charge of the court specifically informed the jury that if the whisky was possessed by the appellant for any other purpose than for sale, or if the whisky had been left with him for the purpose of sampling it with the view of buying it, or if there was a reasonable doubt upon either of those matters, or a reasonable doubt as to whether the appellant had the whisky for the purpose of sale, an acquittal should follow.

The court gave an instruction accurately and fully advising the jury on the subject of prima facie evidence, as defined in article 671, P. C. The instruction is in accord with the precedents announced by this court. When the evidence that the accused possessed more than one quart of intoxicating liquor is conclusive, it is not incumbent upon the court, or necessary for the protection of the appellant's rights, to instruct upon the law of circumstantial evidence. This has been so held by this court several times. See Terry v. State, 101 Texas Crim. Rep., 267; Buchanan v. State, 107 Texas Crim. Rep., 559.

The motion for rehearing is overruled.

*Overruled.*