## VIRGIL MAGEE v. THE STATE.

No. 19306.   Delivered February 2, 1938.
Rehearing denied (without written opinion) June 15, 1938.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing for the purpose of sale intoxicating liquor in dry territory, punishment being a fine of one hundred dollars.

Under authority of a search warrant officers searched the private residence of appellant and found therein fifteen one-half

pint bottles of whisky, six pint bottles of whisky and two quarts and one pint bottle half full of whisky.

We discover no vice in the complaint or information and no variance between the averments and the proof offered in support thereof by the State.

More than a quart of intoxicating liquor was found in appellant's possession. We do not discuss the complaint that the court should have charged on circumstantial evidence. The point is decided against appellant in Terry v. State, 101 Texas Crim. Rep. 267, 275 S. W. 837; Buchanan v. State, 107 Texas Crim. Rep. 559, 298 S. W. 569; Fromm v. State, 118 Texas Crim. Rep. 265, 39 S. W. (2d) 67; Miller v. State, No. 19305, decided on January 12, 1938, now pending on the State's motion for rehearing. [Reported in 134 Texas Crim. Rep. 118.]

Appellant complains because the court did not define the word "possession." The exact point under practically the same facts was decided against him in Miller v. State, No. 19305, decided January 12, 1938, now pending on the State's motion for rehearing, with citation of authorities. [Reported in 134 Texas Crim. Rep. 118.]

When the State offered to prove by the officers what they found as the result of searching appellant's residence many objections were interposed, one being that the search warrant contained no description of the property to be searched. The affidavit, or a copy thereof, and the warrant, were on the same sheet of paper, and the recitals in the warrant make the affidavit a part of the warrant, and the property is described in the affidavit. The precise contention was decided against appellant in the case of Miller v. State, No. 19305, decided January 12, 1938, now pending on the State's motion for rehearing [reported in 134 Texas Crim. Rep. 118].

Another complaint brought forward is that the property to be searched is not described with sufficient certainty in the affidavit. The description follows: " * * * a certain private dwelling, located in San Saba County, Texas, described as being on a 200 acre tract, a part of the J. Beard Survey No. 40, Abstract No. 141, located about one and one half miles West of San Saba town on highway No. 74, belonging to T. Y. Elton, where V. H. Magee with his family now reside and has resided successively for the past few years, and known as the T. Y. Elton old home place, and being the premises of V. H. Magee, * * *."

We regard the foregoing description not subject to the criticism leveled at it.

Finding no error demanding a reversal, the judgment is affirmed.