RAYMOND NEWTON V. THE STATE.

No. 20244.  Delivered March 1, 1939.

352

The opinion states the case.

*Hollis Massey,* of Schulenburg, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin for the State.

GRAVES, JUDGE.—Appellant, an adult male, was convicted of an aggravated assault in and upon Mrs. W. M. Collins, a female, and by the jury's verdict he was sentenced to pay a fine of $50.00.

The parties are negroes, and the assault complained about took place at some kind of meeting in the public school house at Schulenburg at night time. After a discussion of matters of interest to the parties present, Parthenia, the wife of appellant, began inquiring if they were "through their planning." After such repeated queries the injured party, who was the

wife of Professor Collins, who was evidently a teacher in the school,—finally answered by saying "Yes, we are through our planning," at which time Parthenia began to use abusive language towards Professor Collins, and shaking her finger in his face while advancing towards the professor, she said in a loud voice: "I have it in for you, you low down dirty dog, you rabbit headed fool," as well as many other similar statements. The chairman of the meeting refused to recognize Parthenia, and endeavored to have her preserve better order, but she continued directing remarks of a similar nature towards the professor. The complaining witness finally got up and started to the place where her husband and Parthenia were engaged in their wordy encounter,· and before arriving at the scene while passing near where appellant was located, the appellant arose and, passing over some intervening seats, struck her in the eye with his fist,—so many of the witnesses say,—and with his hand,—so some say,—knocking her unconscious for a moment. Eventually the complainant and Parthenia wound up the meeting in a fight between the two women, appellant being restrained by bystanders.

There are but two bills of exception in the record, bill No. 1 complaining of certain testimony offered by the State showing that after appellant had struck the woman Collins, and immediately after being in restraint, he pulled his pocket knife out of his pocket and attempted to open it with his teeth. The trial court in his qualification to such bill states that in his opinion such testimony was res gestae of the transaction herein charged, and we agree with his statement. Another reason, however, for overruling this exception appears in the fact that such testimony was given by two other witnesses without objection upon the part of appellant.

The remaining bill of exceptions relates to the argument of the county attorney in his address to the jury wherein he is alleged to have said: "Raymond Newton has been convicted of manslaughter, but the penalty was not severe enough." Upon an objection having been made to such argument, the court at such time orally instructed the jury that they could not con·sider this statement for any purpose whatever, and that the testimony relative to such a conviction for manslaughter could only be considered by the jury for the purpose of affecting the credibility of the witness alone, if it did do so, at which time appellant's attorney asked permission to prepare a written motion requesting the court to enter a mistrial herein on account of such remarks. This permission was given, and after the argument had been concluded and the written motion had

been prepared, presented and overruled, the careful trial court again instructed the jury that all evidence and argument relative to appellant's previous convictions could be considered only for the purpose of determining the credibility of the defendant as a witness, and that they could not consider such previous convictions in determining his guilt, nor in fixing the punishment therefor, in the event that they found him guilty.

We find from the bill and the record that the appellant testified on direct examination that he had been in trouble a few times for fighting, and the development of these other offenses, especially the manslaughter proposition, was brought out in cross-examination relative to this trouble, and we do not find any objection in the record to such testimony.

Appellant also says that the oral instruction thus given by the trial court to the jury was violative of the statute requiring charges to the jury in misdemeanor cases to be made in writing, unless requested by both parties to be orally given. See Art. 663, C. C. P.

We note that the trial court gave a comprehensive charge in writing to the jury relative to the law of the case, and the objection in this bill concerns itself only with the fact that he gave an additional oral charge as to the remarks of the county attorney, and that he reiterated the limitation on the testimony as to other offenses already contained in the written charge. We have heretofore held that such an oral charge limiting certain testimony in a felony case was not error, although the statute provided for a written charge in such class of offenses. We quote from Terry v. State, 275 S. W. Rep. 837, 101 Texas Crim. Rep. 267, as follows: "While it is true that the court may not give verbal instructions in a felony case, we do not conceive from the record before us that this was an attempt to do so. It was more in the nature of a limitation, favorable to the defendant, of the testimony at the time it was admitted, and the court followed this with a correct written charge limiting this testimony. Under these conditions, we do not think the statement of the court can be viewed as a verbal charge." To the same effect is the holding in the case of Winfield v. State, 54 S. W. Rep. 584. Reasoning then from analogy, when an oral charge is not agreed to by both parties in a misdemeanor case, the same rules would apply thereto with reference to such charge being in writing as do apply now to a felony case, and the same ruling of this court should also apply

thereto. Applying the same rule as announced in the above cases, we see no error reflected in such bill.

The judgment is accordingly affirmed.