### DILLARD KELLY v. THE STATE.

No. 20555. Delivered November 22, 1939.

The opinion states the case.

*Kennedy & Granberry,* of Crockett, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.
The offense is possessing whisky and gin in a dry area for the purpose of sale; the punishment, a fine of $500.

Horace Coon, an inspector of the Liquor Control Board, testified that on the first of February, 1939, he and other officers searched the filling station of appellant and found therein two pints of whisky on a cot under some quilts, two pints of gin in a trap built in the wall under the window in the men's rest room, one pint of whisky in a trap in the wall over the front door, and one pint of whisky in the rear of the building. The witness testified, further, that when he and the officers drove to the station appellant and another man were present; that the witness asked appellant if he might search the place; that appellant replied in the affirmative. It was further in evidence that during the progress of the search several persons came to the filling station.

Lee Thomas, a witness for the State, testified that he rented the filling station to appellant on the 19th of January, 1939, and that appellant turned the property back to him on the fourth of February. He testified, however, that he did not know whether appellant had assigned the lease to another person. It was the version of the witness that the contract with appellant was in writing and that he (witness) had destroyed it after the filling station had been turned back to him.

Appellant did not testify, but introduced the witness Travis Weisinger, who testified that he (Weisinger) had formerly operated the filling station in question. The witness testified further that when he surrendered the place he left a pint of whisky in the loft over the office.

8

It is appellant's contention that the court should have submitted his requested instruction covering the law of circumstantial evidence. We are unable to reach the conclusion that the charge was called for. The testimony was direct to the point that appellant was in possession of the premises where the whisky and gin were found. He possessed more than a quart of such liquor and the court submitted an instruction on the prima facie feature of the case. Hence a charge on circumstantial evidence was not required. Cothran v. State, 123 S. W. (2d) 667.

It is shown in bill of exception No. 7 that the county attorney in argument pointed his finger at appellant and referred to him as a guilty bootlegger, and, further, accused appellant of producing the witness Weisinger in an effort to fabricate a defense. If it should be conceded that the argument was not proper, we are not impressed with the view that under the facts reflected by the record it should work a reversal of the judgment. As has already been observed, the proof on the part of the State showed that a quantity of whisky and gin was hidden in various parts of the filling station. Again, it was in evidence that during the progress of the search several people came to the station. The county attorney was drawing the inference that appellant was a bootlegger from the testimony adduced upon the trial. The evidence appears to be amply sufficient to support the judgment of conviction. Viewing the argument in the light of the record, we are constrained to overrule appellant's contention that the bill of exception presents reversible error.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.