## ROBERT W. MCSWAIN V. STATE.

No. 24765. May 10, 1950.
Appellant's Motion for Rehearing Denied (Without
Written Opinion) June 7, 1950.

J. R. Hutchison, Paris, and McKinney & McKinney, Cooper, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted of the possession of intoxicating liquor for the purpose of sale in a dry area, and by the jury fined $200.00 and assessed a penalty of 30 days in jail, and he appeals.

The testimony is brief and shows that Mr. Stanley, an inspector for the State Liquor Control Board, was seated at the foot of a tree in a pasture in Lamar County, about 42 steps from a road known as "Lover's Lane" which connected two state highways; that he observed a green colored Ford car being driven on said road by appellant who was accompanied in said car by Raymond Glenn. This car stopped in the lane and both men got out. Glenn picked up a half case of gin and came to the fence therewith. Appellant then handed Glenn a case of 24 bottles of Bourbon whisky, and Glenn came towards Stanley, who took him back to the car where appellant was standing. McSwain then spoke to the officer. There were two pints of gin on the seat of the car. The officer picked them up and McSwain said: "You're not going to take all we've got?" and the officer said: "Yes," McSwain then said: "If we had to be caught I rather you catch us than any other man." The officer obtained two half cases of liquor there, and some 36 bottles were introduced in evidence.

The appellant offered no evidence save that Glenn had plead guilty to the unlawful possesion of this same whisky prior to this trial.

The trial court charged upon the law of principals through an excess of caution, as well as upon the prima facie presumption relative to the possession of more than one quart. There was no testimony offered by appellant save the plea of Glenn. Both parties could be guilty of the possession of the same whisky for the purpose of sale, and in the presence of the prima facie presumption and no evidence to the contrary relative to Glenn's sole guilt, we think the court was correct in refusing to charge on certain proposed facts not present in nor fairly deducible from the evidence.

Another charge properly refused was relative to the ownership of such liquor, there being naught found in the record relative thereto. The charge herein was for the possession for the pur-

pose of sale and not ownership. There can be possession without ownership, and ownership without possession. Under the proof of possession of more than a quart and the prima facie presumption thereof prevailing, the case is not one of circumstantial evidence. See Stansbury v. State, 128 Tex. Cr. R. 570, 82 S.W. (2d) 962; Miller v. State, 134 Tex. Cr. R. 118, 114 S.W. (2d) 244; Magee v. State, 135 Tex. Cr. R. 167, 117 S.W. (2d) 446; Magee v. State, 135 Tex. Cr. R. 161, 118 S.W. (2d) 591; Boyd v. State, 135 Tex. Cr. R. 123, 117 S.W. (2d) 457; Kelly v. State, 138 Tex. Cr. R. 6, 133 S.W. (2d) 577; Clinnard v. State, 149 Tex. Cr. R. 472, 196 S.W. (2d) 522; Corley v. State, 150 Tex. Cr. R. 107, 199 S.W. (2d) 782; Terry v. State, 101 Tex. Cr. R. 267, 275 S.W. 837; Buchanan v. State, 107 Tex. Cr. R. 559, 298 S.W. 569; Fromm v. State, 118 Tex. Cr. R. 265, 39 S.W. (2d) 67.

Under the facts as shown in Bill of Exceptions No. 8, we think the state was entitled to offer before the jury the 36 bottles of liquor taken from appellant's car in the sight of such officer.

We think the statement made to the officer by appellant at the time the officer was taking possession of such liquor was res gestae and admissible. This statement was voluntarily given, was not asked for by the officer, and was not made in response to any question, the officer not having said anything to them prior to such statement. Bill No. 10 shows no error.

The court could not charge upon appellant's defense, since he did not offer any defense; and it was not shown nor offered to be shown that the liquor found in appellant's car and in his hands was the property of another, and that appellant was merely hauling it for his companion. The trial court could not make a defense, the appellant having only offered the defense of a plea of not guilty which was charged upon by the court.

Bill of Exceptions No. 13 relates to an objection to the introduction in evidence of the liquor found by the officer as shown in the facts. Part of this liquor was whisky and part was gin. Under an admission of appellant that such bottles contained either gin or whisky, he objected to their introduction before the jury. The state then asked appellant if he would admit that 24 of these bottles contained whisky. To this request appellant would not agree, and so the state was allowed to introduce all the bottles found in possession of appellant and his companion. We think same was admissible. It was thought by

the state to be necessary to show the possession of more than a quart of whisky in order to take advantage of the prima facie statute. The state had a right to prove its case if it could do so, and appellant could not direct the manner and method of its proof. Bill of Exceptions No. 14 is overruled.

All other bills have been considered and are overruled.

We see no error shown in the record, and the judgment will be affirmed.