### GLEN MADDOX V. STATE.

No. 25341. June 6, 1951.

Hon. Lee Nowlin, Judge Presiding.

*Chas. H. Dean,* Plainview, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is possession of whiskey for the purpose of sale; the punishment, a fine of $150.00.

Appellant complains that the evidence is insufficient to sustain the verdict.

Officers armed with a search warrant searched the second floor apartment at 817 Beach Street in city of Plainview. There they found 5 pints of whiskey in a chest of drawers. The appellant was not present at the time of the search. The apartment in question was rented by appellant's mother and occupied by her, appellant, appellant's uncle, and two of appellant's sisters. There was no showing that the whiskey was found in a room under the appellant's control.

In Peters v. State, 142 Tex. Cr. R. 146, 151 S.W. 2d 592, we said:

"* * * where the evidence shows an opportunity or equal opportunity of another or others to possess the liquors charged to have been possessed by the accused, the State's case, to be sufficient to convict upon circumstantial evidence must disprove such outstanding hypothesis. Such rule is complied with, however, when the facts show that such other person or persons exercised no control over, or possession of, the liquors, and had no opportunity to do so."

We feel that such rule has not been complied with in this case.

Because the evidence is not sufficient to support the conviction, the judgment is reversed and the cause remanded.