## Billy Shawhart v. State

No. 28,089. February 22, 1956.
Appellant's Motion for Rehearing Denied
April 18, 1956.

Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) May 9, 1956.

*W. J. Bragg,* Memphis, and *Richard D. Bird* [on appeal], Childress, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is possession of whiskey in a dry area; the punishment, 30 days in jail and a fine of $750.00.

Deputy Sheriff Neel testified that he and the sheriff began to follow the appellant's automobile on the night in question as he drove around over the streets of the city of Memphis; that they were able to keep appellant's automobile under observation most of the time; that finally the appellant turned around, passed them, and shortly thereafter he saw an object being thrown from the appellant's automobile into the ditch. Neel stated that a short distance from this point they brought the appellant's automobile to a halt and found it to be occupied by the appellant

and his wife, that he asked permission to search the automobile, and the appellant assented and stated that what the officers were looking for was on the floorboard. He stated that they found four full one-half pints of whiskey in the automobile, that he retraced their course to the point where he had seen the object thrown and found it to be a 4/5-quart of whiskey nearly full. He stated that they went further back up the road and there found tracks indicating that an automobile had stopped and there found eleven one-half pints of whiskey in two lugs just east of the bar ditch.

All the half pints found both in the appellant's automobile and by the side of the road were Jim Beam Whiskey. The serial number on the U. S. Revenue Tax Stamps attached to three of the bottles in the appellant's automobile were 01819081, 01819-083, and 01819084. Among those found on the side of the road were serial numbers 01819079, 01819080, and 01819082. The other numbers were in the immediate vicinity of those enumerated.

Another officer testified that near the lugs of whiskey by the side of the road he found a "billfold notebook" containing a receipt made out to the appellant by name, dated 15 days prior to the discovery of the whiskey.

The appellant did not testify or offer any evidence in his own behalf.

While it is true that the officers saw only the "nearly full" 4/5-quart of whiskey being thrown from the appellant's automobile, we have concluded that the facts just stated are sufficient to show that the appellant had in his possession at the time in question a sufficient quantity of whiskey to raise the presumption that he had it for sale. Cox v. State, 160 Tex. Cr. Rep. 162, 267 S.W. 2d 830.

Since the evidence is uncontradicted that the appellant consented to the search of his automobile, no question as to the legality of the search is raised.

The objections to the introduction of the different bottles of whiskey found at two places along the side of the road went to their weight as evidence and not to their admissibility.

The appellant contends that the state failed to prove the dry

status of Hall County. The following instruments were offered in evidence:

1. The order calling the prohibition election.

2. The order canvassing the returns and declaring the results of the election putting local option into effect.

3. The certificate of the county judge showing publication of said order.

In Carroll v. State, 156 Tex. Cr. Rep. 553, 244 S.W. 2d 823, we held that the order canvassing returns and declaring the result of the election, together with the certificate of the county judge showing publication of the order putting local option into effect, constituted a prima facie showing of the dry status of the area involved.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellant insists that the evidence is insufficient to show that he possessed the four one-half pints of whisky found in the car and the nearly full 4/5 quart of whisky thrown from the car because the evidence shows that his wife could have owned the whisky and had an equal opportunity to possess it with him, and that the state failed to disprove such outstanding hypothesis. In support of his contention, appellant cites and relies upon the case of Maddox v. State, 156 Tex. Cr. R. 151, 240 S.W. 2d 319.

Under the facts shown, we find no merit in the appellant's contention.

The possession of liquor as contemplated by the Texas Liquor Control Act need not be exclusive and ownership is unnecessary. Huggins v. State, 146 Tex. Cr. R. 606, 177 S.W. 2d 269, and Bennett v. State, 160 Tex. Cr. R. 354, 271 S.W. 2d 284. More than one person can be guilty of possessing the same liquor for the purpose of sale. McSwain v. State, 155 Tex. Cr. R. 38, 230 S.W. 2d 227.

The rule announced in the Maddox case that, where the evidence shows an equal opportunity of others to possess the liquor, the evidence must disprove such outstanding hypothesis to be sufficient to show possession by the accused, is not applicable to the case at bar because the appellant was present when the whisky was found in and thrown from his car.

Appellant next insists that the conviction cannot stand because the evidence is insufficient to show that he possessed the eleven one-half pints of whisky found in the bar ditch.

It is not necessary that we again pass upon this contention because, under the evidence, it is sufficiently shown that appellant possessed the four one-half pints of whisky found in the car and the nearly full 4/5 quart of whisky thrown from the car, which is of a sufficient quantity to give rise to the statutory presumption that it was possessed for the purpose of sale.

The motion for rehearing is overruled.

Opinion approved by the Court.