CHARLES E. NORTHUP *vs.* ISAAC R. ROBINSON.

MARCH 15, 1912.

PRESENT: Johnson, Parkhurst, and Sweetland, JJ.

*(1)   Master and Servant.   Act Not Within Duty of Servant.*

Where it was the duty of the servant to drive to the post-office for the mail,. then to the express office and then back to the master's house and after leaving the post-office, he undertook to oblige a third person by carrying a note to that person's house, which was not on the road between defendant's house and the post-office, but on another road, which did not lead to the express office, and while so engaged, the accident occurred, the servant was on an independent journey and the master was not liable.

TRESPASS ON THE CASE.    Heard on exceptions of plaintiff, and overruled.

PARKHURST, J.    This is an action of trespass on the case for negligence brought in Washington County and tried April 28, 1910, before a justice of the Superior Court and a jury.

The plaintiff was thrown from his bicycle by a collision with an automobile, owned by the defendant, and operated by his chauffeur.   The chauffeur started out that morning from the defendant's house to go to the post-office and express office at Wakefield for his employer.    After leaving the post-office, instead of going to the express office or returning to the defendant's home, he started to deliver a note from the gardener, who was employed on the defendant's premises, to the gardener's wife, who lived on another road beyond the post-office, some distance from the route between the post-office, the express office, and defendant's home.    At the time of the collision, he was undertaking this errand with the automobile without the knowledge or consent of the defendant and solely to accommodate the gardener.    This situation appeared from the testimony of Shippee, the chauffeur, he having been called as a witness by the plaintiff.

At the conclusion of the plaintiff's testimony the defendant, as well as the plaintiff, closed his case, and a motion to direct a verdict for the defendant was granted by the Presiding Justice on the ground that the chauffeur was acting outside the scope of his authority at the time of the collision.

The plaintiff's sole exception is to the action of the court in directing a verdict for the defendant.

(1)    The chauffeur testified that it was a part of his duty to go to the post office for the mail every day; that during the morning of the day in question, before he started for the post-office, the gardener gave him a note and asked him to take it to his (the gardener's) wife, and that he undertook to do this errand solely as a favor to the gardener. The defendant knew nothing about this errand until after the accident.

It appeared that the house to which the chauffeur undertook to carry the note was not on the road between the defendant's house and the post-office, but was about a half mile beyond the post-office on another road; and that this other road did not lead to the express office. The accident occurred after the chauffeur left the post-office and while he was on the way to deliver the note. The place where the collision took place was 500 yards from the post-office. To this evidence there was no contradiction. It appears that the chauffeur had a definite errand for the master, viz.: to go to the post-office, the express office, and back to the master's house; and that, after reaching the post-office, he undertook to oblige a third person by carrying a note to that other person's house, some distance beyond the post-office and not on the road to the express office. This act was not in furtherance of the defendant's business, and was not done under authority or permission either express or implied. It was an independent journey, exclusively his own.

This court is of the opinion that this case is ruled by its opinion in the case of *Colwell* v. *Ætna Bottle & Stopper Co.*, recently decided by this court and reported in 33 R. I., p. 531;

substantially the same questions arose and were decided in that case.

The plaintiff's exception is therefore overruled, and the case is remitted to the Superior Court for Washington County, with direction to enter its judgment upon the verdict for the defendant.

*James B. Littlefield, John G. Cross*, for plaintiff.

*Vincent, Boss & Barnefield, Alexander L. Churchill*, for defendant.