## V. H. MAGEE v. THE STATE.

No. 19309.   Delivered March 9, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*G. A. Walters,* County Attorney, of San Saba, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

## ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Heretofore, on January 19, 1938, this cause was reversed and remanded on account of the matters presented in a bill of exceptions which complained of the inadequacy of the search warrant authorizing the search of appellant's private residence, because the affidavit failed to state the facts and circumstances upon which the affiants base their information and belief.

We fear we were in error in holding the affidavit, upon which the search warrant was based, to be insufficient. We here set out the affidavit in its entirety:

"The State of Texas, County of San Saba.

"In Justice Court, Precinct No. One.

"Before me, the undersigned authority, on this day personally appeared G. F. Cox and J. C. Galloway, both known to me to be credible persons, who after being by me first duly sworn upon their several oaths, each for himself, deposes and says:

"1st: That in and upon certain premises in Justice Precinct No. One, in the aforesaid county and state and more particularly described as follows, to-wit:

"(a) Lot 4, 5 & 6 in Block 8, San Saba Heights Addition to the town of San Saba, Texas, on the 10th day of May, A. D. 1937, and before the making and filing of this affidavit V. H. Magee who is in possession of said premises, and in violation of the liquor laws of the State of Texas, did then and there (and is now) using such premises as a place at which to manu-

facture and possess for the purpose of sale spirituous, vinous and malt liquors capable of producing intoxication; that spirituous, vinous and malt liquors capable of producing intoxication are now possessed and kept on said premises for the purpose of sale; that spirituous, vinous and malt liquors are now manufactured on said premises; and that there are certain containers, utensils, implements and instrumentalities located on said premises used and to be used in the manufacture, possession for sale and transportation of spirituous, vinous and malt liquors in violation of the laws of the State of Texas.

"2nd. That affiants state under oath that the facts, circumstances and statements made, mentioned and set out are within their personal knowledge true and correct, and that affiants obtain their evidence and knowledge of the same as follows:

"(b) From two reliable citizens of San Saba County.

"Wherefore, affiants pray that a warrant be issued to search the above described premises and to seize the above described intoxicating liquors, containers, utensils, implements and instrumentalities, in accordance with law, as in such cases made and provided.

G. F. Cox

"Affiants    Jas. C. Galloway.

"Sworn to and subscribed before me by affiants on this 10th day of May, A. D. 1937.

"H. Clyde Smith,

Justice of the Peace, Precinct No. One,

San Saba County, Texas."

This affidavit is in substantial compliance with the one set out in the original opinion in the case of Harris v. State, 15 S. W. (2d) 1048. It will be observed from a reading of the affidavit above set forth that the affiants state as a matter of fact that the appellant "did then and there (and is now) using such premises as a place at which to manufacture and possess for the purpose of sale" certain liquors, and that they were kept on said premises for the purpose of sale, their grounds for probable cause being that they had been so informed by two reliable citizens of San Saba County.

At the conclusion of the affidavit in the Harris case, above quoted, appears the following language: "Affiants have been informed that Bonnie Harris keeps intoxicating liquor for the purpose of sale." We quote from Harris v. State, supra: "It is first contended that it [the affidavit] is upon information and belief, and therefore within the rule laid down in Chapin v. State, 107 Texas Crim. Rep. 477, 296 S. W. 1095. We do not

so regard it. The affidavit appears to be made up of the positive averment of the existence of facts within the knowledge of affiants. The last clause in the affidavit could hardly be said to be a qualification of these positive facts, but, if it is intended to be, we are of the opinion that it would be a sufficient basis for the issuance by the magistrate of a search warrant, being an exhibition of the information possessed by affiants showing the existence of probable cause. Rozner v. State, 109 Texas Crim. Rep. 127, 3 S. W. (2d) 441."

We also quote from the opinion on motion for rehearing in Rozner v. State, supra: "It [the affidavit] recites specifically that affiants had been informed that about ten days or two weeks past appellant had fifteen gallons of whiskey in his smokehouse. True, affiants did not know of their own personal knowledge that such was a fact, and therefore could not swear to it as a fact, but this is not necessary. The affidavit sets forth the information which had reached them upon which their belief was based. If, as sworn to by them, such information had come to their knowledge, and was made known to the issuing magistrate in the affidavit, it presented such a state of affairs that this Court would have no right to say as a matter of law that the magistrate had abused his discretion in deciding that 'probable cause' existed for authorizing the warrant to issue."

We further quote from the opinion on second motion for rehearing in the case of Ware v. State, 7 S. W. (2d) 551: "As stated in the opinion on motion for rehearing, if the affidavit states merely the belief of the affiants that such liquors are kept and sold, then the probable cause is not shown, unless the affiants, in the affidavit, make a further statement showing the facts upon which the belief is founded. The affidavit in the present instance does not state a belief, nor does it purport upon its face to state a conclusion, but a fact which, if true, gives authority for issuing the warrant, and which, if untrue, renders the affiants amenable to prosecution for making a false oath, and also renders them liable for civil damages."

It is our judgment that we were in error in holding this affidavit to be inadequate. The State's motion for a rehearing is therefore granted, and we will proceed to consider this case upon its merits.

Appellant complains of the failure of the court to charge on circumstantial evidence in this cause, and amply preserves such matter in a bill of exceptions as well as in a requested charge. There might have been some merit in such contention except

for the fact that the search of appellant's residence disclosed the possession of seventeen one-half pints of liquor, and nine pints of liquor. Under Article 666-23a, Vernon's Texas Penal Code 1936, we find it to "be unlawful for any person to possess liquors for the purpose of sale in any dry area. Possession of more than one quart of liquor in such area shall be prima facie evidence that such liquor is possessed for the purpose of sale." Evidently under the above statute there was prima facie proof that such liquor was possessed for the purpose of sale, there being more than a quart thereof, and appellant's contention that there should have been given a charge on circumstantial evidence herein is decided against him in Terry v. State, 101 Texas Crim. Rep. 267, 275 S. W. 837; Buchanan v. State, 107 Texas Crim. Rep. 559, 298 S. W. 569; Fromm v. State, 118 Texas Crim. Rep. 265, 39 S. W. (2d) 67. It will further be observed that nowhere in the record is there found a request for the court to define in his charge to the jury what is meant by the term "prima facie." If there had been such request, doubtless the court would have complied with same. Stoneham v. State, 268 S. W. 156.

In bill of exceptions No. 4 appellant complains of the court's refusing his requested charge defining the word "possession." The same proposition was presented in cause No. 19305, R. F. Miller v. State [134 Texas Crim Rep. 118], and it was therein held that "Where the undisputed evidence shows—as it does here—that accused was in possession of the whisky, an omission from the charge of the definition of possession can not be held erroneous."

Appellant also complains of a variance between the allegations made in the information and complaint and the proof offered in that the pleadings of the State do not contain sufficient allegations to support the records introduced by the State. We again cite the case of Miller v. State, supra, not yet reported, wherein it was held by this Court, in an opinion by Judge HAWKINS, that no error was shown in such bill, and that there was no variance between the allegations and the proof.

Appellant further complains because of the fact that after the State had introduced in evidence the proper orders relative to the election held in San Saba County in 1914, wherein the sale of all liquors in said county was prohibited, that the State introduced a further election of a later date wherein the sale of 3.2 beer was also prohibited in San Saba County. In our opinion this was but evidence of the fact that at a subsequent election relative to 3.2 beer the county maintained its previous dry status, and we can see no error of any consequence therein.

Bill of exceptions No. 11 is multifarious and seems to be a résumé of the bills of exceptions that have gone before.

We have considered all of said bills, however, and are of the opinion that no error has been shown in the trial of this cause. The State's motion for rehearing is therefore granted, the judgment of reversal is set aside, and the judgment is now affirmed.

## ON SUPPLEMENTAL MOTION FOR REHEARING.

HAWKINS, JUDGE.—We remain of opinion that the affidavit and warrant authorizing the search complained of sufficiently described the premises to be searched, and was otherwise sufficient under the authorities cited in the opinion on State's motion for rehearing.

In his supplemental motion for rehearing appellant complains that the search warrant and affidavit therefor were introduced before the jury. There are a number of bills of exception containing numerous objections to the affidavit and warrant as not being sufficient to support the search, but all of these bills recite that the affidavit and warrant were "introduced by the State of Texas before the Court." All of the objections go to the validity of the instruments, but we find no bill of exception complaining of their introduction before the jury. They should not have gone to the jury, and had there been objection thereto brought forward in proper bills our former holdings under such circumstances would have been controlling. White v. State, 119 Texas Crim. Rep. 338, 45 S. W. (2d) 225; Seay v. State, 115 S. W. (2d) 418, and other cases therein cited.

At the time our opinion on the State's motion for rehearing was delivered on March 9th, 1938, we had intended to withdraw our original opinion of date January 19th, 1938, but such withdrawal was overlooked. Said original opinion of date January 19th, 1938, is hereby withdrawn.

Appellant's motion for rehearing is overruled.