### SMITH v. TURNER et al.

### No. 5282.

Court of Civil Appeals of Texas. Amarillo.

March 31, 1941.

Rehearing Denied April 28, 1941.

Vickers & Campbell, of Lubbock, for appellant.

Nelson & Brown, W. F. Schenck, and Geo. W. McCleskey, all of Lubbock, for appellees.

STOKES, Justice.

This suit was filed by J. A. Turner and his wife, Cordie, J. A. Turner appearing also as the father and next friend of Julius Turner, a minor, against appellant, George E. Smith, who was operating an implement business under the trade name of Smith Implement Company, and J. C. Hamby. The suit was to recover damages for personal injuries sustained by Julius Turner in an automobile accident which happened on the 5th of November, 1939, in which Julius Turner was injured by being struck

by a pick-up truck operated by Hamby. The record shows that, in addition to his implement business, appellant operated a machine shop and he also owned several harvesting and threshing machines known as combines. These combines were used principally in harvesting and threshing grain crops for others and Hamby operated one of them as an employee of appellant. A few days before the accident in question one Elmer Robinson had been employed by J. T. Patterson, who was also an employee of appellant and seems to have had charge of all of his business activities outside of the store, to drive and operate the tractor which furnished the power for the combine being operated by Hamby. Hamby and Robinson had been engaged in harvesting and threshing a crop on the Slaughter place, some two miles north of Lubbock and, being unable to finish the work on Saturday, as they had contemplated, and the weather indications being threatening, Hamby decided to return to the farm and finish the work on Sunday, November 5th. Robinson appeared at Hamby's house early that morning and they proceeded back to the farm where the work was finished before noon, and they immediately returned to Lubbock in a GMC pick-up truck owned by appellant and which they had used to transport themselves and needed material to and from the farms upon which they were working. Robinson lived on the extreme east side of town, some two miles from the business section, and when they reached the business section, he requested Hamby to take him home, which Hamby did, and, while returning to town, Hamby met Julius Turner and another boy traveling on bicycles. In an effort to pass another car in front of him, which was proceeding in the same direction as he, and also to avoid still a third car that was traveling in the opposite direction, Hamby struck the two boys, injuring them and demolishing Julius' bicycle. The accident happened while Hamby was on his return trip after he had taken Robinson to his home and before Hamby got back to town.

Appellees alleged that Hamby was an employee of appellant and that he was, with appellant's consent and at his instance and request, driving the pick-up truck and engaged in the business of appellant, and, in the alternative, that he was at least engaged upon a mission for the mutual benefit of himself and appellant.

The case was submitted to a jury upon a number of special issues, all of which were answered favorably to appellees, and the court entered judgment against appellant and Hamby, jointly and severally, in favor of Julius Turner for $500 and in favor of the parents for $254.

Appellant, George E. Smith, filed and urged a motion for a new trial, but same was overruled and he has perfected an appeal to this court, no appeal being prosecuted by Hamby.

Appellant presents the case in this court upon a single proposition of law to the effect that the court erred in overruling his motion for a peremptory instruction and in refusing to instruct the jury to return a verdict in his favor. Instead of granting the motion, the court submitted to the jury special issue No. 1, in which the jury were asked if they found from a preponderance of the evidence that J. C. Hamby, at the time he came into collision with Julius Turner and his bicycle, was engaged in performing an act in connection with his employment by appellant, George E. Smith. The special issue was answered in the affirmative and appellant complains of the action of the court upon the ground, as contended by him, that the uncontroverted evidence showed that Hamby was not engaged in any mission in connection with his employment by appellant and was not acting within the scope of his employment nor in furtherance of the business of appellant in any way when the accident occurred; but was engaged purely in a private mission of his own which he had undertaken at the request and for the accommodation of Elmer Robinson without any authority from appellant to engage therein and without the knowledge or consent of appellant. He contends, therefore, that, even though Hamby was his servant and employee in a general sense, appellant is not, under the law, liable for the injury and damage that resulted to appellees from the accident in which Hamby was involved.

The testimony shows that a brother of Robinson had been employed by appellant to operate the tractor in connection with the combine up until a few days before the accident, but that the brother had been injured and Patterson, who had authority to do so, employed Elmer Robinson to take the place of his brother and operate the tractor. The evidence is undisputed and in no manner questioned by appellees that

the contract of employment did not include an obligation on the part of appellant to furnish transportation for Robinson to and from his home, the contract being silent in respect to that matter, and it is not shown that such was the arrangement between appellant and the brother who was replaced by Elmer Robinson. We infer from the testimony that the pick-up truck was kept at the shop of appellant but it is not clear whether Hamby intended to return it to the shop on this Sunday or to his own home. When Hamby and Robinson reached the business section of the city of Lubbock upon their return after having finished the work of harvesting, shortly before noon, Robinson requested Hamby to take him home in order to relieve him of the necessity of walking the distance, which was a considerable one to be negotiated on foot. Hamby acceded to the request of Robinson and he testified that he did so in order to save Robinson from the necessity of walking home. He said: "It was a good long way out there and I drove him out there to save him from walking home. He wanted me to take him home."

It is also undisputed that neither appellant nor his outside manager Patterson had ever agreed or contracted with Robinson to furnish him transportation to and from his home. In fact the testimony was without dispute that neither appellant nor Patterson knew that Hamby was using the pick-up truck as a means of transportation for himself and Robinson to and from the farm where the work was being performed, nor did they know that the employees were working on the day the accident happened. Hamby had not been instructed to do the work that day but it seems he felt that he had a kind of free hand in such matters and he decided to finish the work on the Sunday morning because they had been unable to finish it the day before and the weather was more or less threatening. Moreover, Robinson, on this Sunday morning, came to Hamby's house and it was from there that Hamby transported him to the farm. The testimony does not show that it had been Hamby's custom to go out to Robinson's home east of town and take him or his brother whom he replaced from there to the place where the work was being performed nor is it shown that on any other occasion Hamby ever took either of them to his home after the day's work was finished.

Upon these facts, which are undisputed and in no sense challenged by appellees, the question is presented as to whether or not the court below erred in refusing to give to the jury the requested peremptory instruction to return a verdict in favor of appellant, George E. Smith. The facts are amply sufficient to warrant the findings of the jury to the effect that Hamby was guilty of negligence on the occasion of the accident, but in the view taken of the case upon this appeal by appellant and the view which we take of the issues presented, it is not necessary to discuss that matter. The only issue to be decided is whether or not, upon the facts, appellant is liable for the acts and conduct of Hamby under the law pertaining to master and servant.

■ The general rule has been firmly established in this and practically every other jurisdiction in this country, and in England, that when a servant completely departs from his work to accomplish some purpose of his own, not connected with his employment, the relation of master and servant is thereby temporarily suspended and the master is not liable for his acts, no matter how negligent they may be, during the period of such suspension. International & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S.W. 1039, 27 Am.St.Rep. 902; Branch v. International & G. N. Ry. Co., 92 Tex. 288, 47 S.W. 974, 71 Am.St. Rep. 844; International & G. N. Ry. Co. v. Cooper, 88 Tex. 607, 32 S.W. 517; Galveston, H. & S. A. Ry. Co. v. Currie, 100 Tex. 136, 96 S.W. 1073, 10 L.R.A.,N.S., 367; Hill v. Staats, Tex.Civ.App., 187 S.W. 1039; Rodgers v. Tobias, Tex.Civ.App., 225 S.W. 804; Houston Belt & Ter. Ry. Co. v. Stephens, 109 Tex. 185, 203 S.W. 41; Guitar v. Wheeler, Tex.Civ.App., 36 S.W. 2d 325; Southwest Dairy Products Co. v. De Frates et al., 132 Tex. 556, 125 S.W.2d 282, 122 A.L.R. 854; Wright v. Intermountain Motor Car Co., 53 Utah 176, 117 P. 237; Kecke's Adm'r v. Louisville Gas & Electric Co., 179 Ky. 314, 200 S.W. 452, L.R.A.1918C, 654; Reilly v. Connable, 214 N.Y. 586, 108 N.E. 853, L.R.A.1916A, 954, Ann.Cas.1916A, 656; Sullivan v. Louisville & N. R. Co., 115 Ky. 447, 74 S.W. 171, 103 Am.St.Rep. 330; Colwell v. Aetna Bottle & Stopper Co., 33 R.I. 531, 82 A. 388; Tyler v. Stephan's Adm'x, 163 Ky. 770, 174 S.W. 790; Sowers v. Howard, Mo.Sup., 139 S.W.2d 897; Mitchell v. Crassweller, (Eng.), 13 C.B. 235; Story v. Ashton (Eng.), 4 L.R.Q.B. 476.

In the recent case of Southwest Dairy Products Co. v. De Frates, supra, the facts were that the servant's duty was to take a truck from one place of business of the appellant to another where a wash rack was located. There his duty required that he wash the truck and then return it to the original place of business. He had instructions not to use the truck in matters pertaining to his personal affairs. Instead of taking the truck directly to the wash rack, however, he went to his home for the purpose of eating his supper and while returning from there to the wash rack, the truck collided with a taxi cab. The Supreme Court, in an opinion written by Commissioner Hickman, held that the owner of the truck, who was the employer of its driver, was not liable for the resulting damage because the servant had completely departed from the course of his employment and the relationship between the owner of the truck and the servant was suspended during the time the servant was engaged upon his own mission, and that the master was not liable for his negligence during that time.

■ This rule of law is so well established and has been announced in so many decisions of the courts that we do not deem it necessary further to elucidate it. In our opinion the facts of the instant case bring it squarely within the rule. All of the testimony shows that there was no obligation on the part of appellant nor his employees to transport Robinson out to his home some two miles east of the city of Lubbock and in a different direction from the place where the work was being performed or the truck was being kept. It is shown furthermore that neither appellant nor any of his other employees knew that Hamby was engaged in transporting Robinson to his home, nor that he intended to do so. Both Patterson and Robinson testified that no agreement had been made between them which would obligate appellant to do so. On the other hand, both Robinson and Hamby testified that, when they reached the city of Lubbock on their return from the farm where they had been working, Robinson requested Hamby to take him on out to his home and save him the long walk and that Hamby did so merely as an accommodation to Robinson. Conceding that Hamby had authority from appellant to finish the work on Sunday morning, and from the testimony this is doubtful, the engagement of the employees for that day came to an end when they returned to the city of Lubbock. Certainly it cannot be said that Hamby could bind appellant in responsibility for acts and conduct thereafter voluntarily entered into by Hamby at the request and for the accommodation of Robinson, even though the latter was another employee of appellant. Northup v. Robinson, 33 R.I. 496, 82 A. 392; Colwell v. Aetna Bottle & Stopper Co., supra.

■ Appellees contend that appellant is liable to them for the injuries resulting from the accident upon the theory that Hamby had general authority over the business of appellant in harvesting and threshing crops of others. The testimony does not support this contention. While Hamby may have had general authority over the machinery while it was being used in the work of harvesting and threshing the crops, there is nothing in the testimony which indicates that he had general authority over any other business activities of appellant. In fact, it seems from the evidence that he did not have specific authority from appellant to use the pick-up truck as a means of transportation to and from the work in which he was engaged. He testified, and his testimony was not contradicted or questioned in any manner, that he had been accustomed to using his own automobile for that purpose but that it was out of repair and he was using the pick-up truck as a substitute for his own car. Certainly it cannot be said that, merely because Hamby had general authority over the harvesting machinery being operated by him in the fields and on the farms where he worked, that he had general authority to bind appellant in responsibility for his negligence in performing a service for another employee such as it is shown here he was performing for Robinson.

A close consideration of the testimony and all of the contentions made by appellees and of the many eminent authorities which we have cited convinces us that there is no basis in the testimony for a judgment against appellant for the damages sustained by appellees as a result of the accident in question. When Hamby undertook to transport Robinson to the latter's home, he completely departed from the course of his employment with appellant and was not in the service of his master while doing so nor while returning therefrom. Such undertaking was in no

manner connected with his employment but was one of his own and could have been prompted by no other purpose than his desire to accommodate his co-employee.

In our opinion, the court below erred in refusing to give to the jury the requested peremptory instruction in favor of appellant for which error the judgment will have to be reversed. The record indicates the case was fully developed upon the trial and no purpose could be served by trying it again. The judgment will, therefore, be reversed and judgment here rendered that appellees take nothing as against appellant, George E. Smith.

Reversed and rendered.