# OCTOBER 9, 1946

### J. D. CLINNARD V. THE STATE.

No. 23333. Delivered April 24, 1946.
Rehearing Denied October 9, 1946.

The opinion states the case.

*McIntosh & Duncan,* of Gilmer, for appellant.

*Ernest S. Goens,* State's Atty., of Austin, for the State.

GRAVES, Judge.

Appellant received a penalty of $100.00 fine and twelve months in jail for a violation of the liquor laws of Upshur County, and he appeals.

The facts shown herein evidence that appellant and another were seen traveling in a car by two Liquor Control Board officers, and followed by them. Appellant was seen to get out of the car with a large paper sack in his hand and enter a certain building in Gilmer; at this point the officers approached and got out of their car, whereupon something was said by appellant's companion. The officers then attempted to enter such building, which appellant had just gone into, but found the door locked. They were in possession of a search warrant for such building and entered the door by force. Therein they found appellant who was engaged in breaking some bottles, which the officers testified had contained whisky. There was no one else in the

building, and five pint bottles were found broken, the stamps thereon still being intact over the mouth of the bottles.

Appellant contended that the search warrant and its affidavit were fatally defective in failing to state what was the probable cause for the making of the affidavit upon which the search warrant was based. It is noted that this affidavit is not based on information and belief of the affiant, but upon the fact that affiant had been informed by credible persons that such things existed and were taking place at the premises desired to be searched. We think such statement is in accord with our holdings in the cases of Weaver v. State, 138 S. W. (2d) 1081; Bickerstaff v. State, 139 S. W. (2d) 110; Hall v. State, 125 S. W. 293; Peters v. State, 151 S. W. (2d) 592, and many other cases. It is also further noticed herein that it is not claimed nor shown that the premises actually searched were in the possession of or owned by appellant. We think the affidavit was sufficient upon which to base a search warrant.

A further complaint is found herein because of the fact that after both sides in this cause had rested and before the court's charge had been read to the jury, at the request of the State, the court allowed the reopening of the case, and testimony of one of the officers was allowed to the effect that the broken bottles they found appellant breaking up were pint bottles and approximately two and one-half quarts of whisky had been contained in such bottles. We think the trial court was justified in view of Art. 643, C. C. P., which read as follows:

"The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appear that it is necessary to a due administration of justice.***"

Appellant's contention that the trial court should have charged upon circumstantial evidence cannot be sustained. It is noted, however, that appellant's attorneys prepared and requested the trial court to give a charge on circumstantial evidence, which charge the court refused to give. We think that neither the facts nor the law called for such a charge. Where more than a quart of intoxicating liquor was found in accused's possession, a charge on circumstantial evidence in a prosecution for possessing liquor for purpose of sale is not called for. See Terry v. State, 101 Tex. Cr. R. 267, 275 S. W. 837; Buchanan v. State, 107 Tex. Cr. R. 559, 298 S. W. 569; Fromm v. State, 118 Tex. Cr. R. 265, 39 S. W. (2d) 67; Magee v. State, 135 Tex. Cr. R. 161, 118 S. W. (2d) 591. It is shown that when the officers entered the house they saw appellant breaking these bottles that

they testified contained whisky. They saw him in such possession, and he was the only person present in the house at the time save the officers. We think his possession of these bottles was shown by direct testimony, and the amount thereof justified the court in charging the statute relative to prima facie evidence. See Art. 666-23a (2) Vernon's Ann. P. C.

Appellant also complains because the trial court failed to define the term "possession" in his charge to the jury. Such a charge, we think, was not necessary in this cause. "Where the undisputed evidence shows—as it does here—that accused was in possession of the whisky, an omission from the charge of the definition of possession cannot be held erroneous." Miller v. State, 134 Tex. Cr. R. 118; Magee v. State, 135 Tex. Cr. R. 161, 118 S. W. (2d) 591. It is further noted that no objections were filed to the trial court's charge.

We see no error evidenced herein, and th judgment will therefore be affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The motion for rehearing proceeds upon the theory that the five full bottles of whisky taken by the officers at the time of appellant's arrest were found somewhere in the building which appellant had entered, but were not taken directly from appellant. These five full bottles of whisky are not to be confused with the probable contents of the broken bottles. The five full bottles contained more than a quart of whisky.

The record discloses that after the State and appellant had rested, and appellant had requested a charge upon circumstantial evidence the State was given permission to reopen the case. The State then proved by officers Gordon and Zeigler that the five full bottles of whisky were "all taken from J. D. Clinnard," the appellant. Neither of these witnesses appear to have been cross examined upon this point to develop—if it was a fact—that the five bottles were simply found in the building. This evidence authorized the court to charge upon the prima facie evidence of possession of more than a quart of whisky even though the evidence as to the broken bottles be disregarded. This court must take the evidence as found in the record. As developed as to the five full bottles it does not raise an issue that the officers were stating a legal conclusion rather than a

fact when they testified that said five bottles were taken from appellant. No charge upon circumstantial evidence was called for.

The motion for rehearing is overruled.