## WESLEY CRECELIUS V. STATE.

No. 24786. June 7, 1950.

*Boling, Smith & Allen,* by *S. P. Boling,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Appellant married while stationed in England during the war as a member of the Armed Services of the United States. He brought his wife back to the states with him after the war, and acquired a home near the city of Lubbock.

About nine o'clock the evening of April 22, 1949, appellant and his wife were entertaining in their home Bettie Lowrie and Bradford Bullard, whom they had invited as guests for the evening meal.

At that time, Fred Prestage, an inspector for the liquor control board, who was later joined by Inspectors Tally and Matthews and two policemen of the city of Lubbock, knocked on the door of the house and, upon being admitted, exhibited and delivered to appellant a warrant authorizing the search of a private dwelling occupied by an unknown owner. The description and location of the dwelling was that of appellant's home. Prestage began to search the house; the dresser drawers were pulled out and examined, beds and bedclothes were also examined and disarranged. He denied having thrown the contents of the dresser drawers out on the floor, as a witness for appellant testified was done. He did not, however, deny having torn up the floor in the bathroom.

There were found in a closet in the front room of the house eleven pints of whisky and a case of twenty-four twelve-ounce cans of beer. Two pints of whisky were found in the kitchen, one of which had been opened but none of the contents removed.

Prestage testified that appellant denied the whisky belonged to him. The witnesses for the appellant all testified that at that time appellant admitted to Prestage the ownership and possession of the whisky.

In any event, all four parties—that is, appellant, his wife, Miss Lowrie, and Mr. Bullard, were arrested, carried to Lubbock and placed in jail, where they spent the remander of the night, and were not liberated until approximately ten o'clock the next morning after having been taken to the office of the county attorney and by him questioned.

Prestage testified that, in similar instances, it was his custom to arrest everyone in a house if no one claimed the whisky. Here, not knowing which one of four would claim the whisky he arrested them all. He admitted that soon after he placed them in jail appellant admitted possession of the whisky and that he (Prestage) made no effort to release the other parties from jail at that time, nor did he carry them before a magistrate. In that connection, he testified:

"As to whether or not my instructions are to take them be-

fore a magistrate before I put them in jail, I never turned a bootlegger out at night, or at nine or ten o'clock. I never got a judge or County Attorney up at that time in my life."

The search warrant was issued upon the affidavit of Inspectors Prestage and Tally, in which, after describing the location of the dwelling to be searched and as being occupied by unknown owners, we find that said affiants made affidavit as a fact that appellant's dwelling was "a place where alcoholic beverages are unlawfully possessed, sold, manufactured, kept and stored in violation of the provisions of the Texas Liquor Control Act . . . that we, the affiants, have recently been informed by credible citizens of Lubbock County, Texas, that alcoholic beverages are kept, stored, possessed for the purpose of sale, and sold on, at, and from the above described premises, in violation of the law, and your affiants believe said information to be *ture* and correct."

By this affidavit, Prestage and Tally swore that the residence occupied by appellant was a place where intoxicating liquor was possessed and sold in violation of the law and that credible citizens had informed them that alcoholic beverages were possessed for the purpose of sale and sold on, at, and from the residence occupied by appellant.

Notwithstanding such affidavit, neither Prestage nor Tally testified upon the trial of this case that they had purchased intoxicating liquor at said residence or had seen any other person make such a purchase. No person testified that appellant had sold intoxicating liquor from his residence or anywhere else. There is no suggestion in the testimony that appellant was a bootlegger.

Witnesses attested appellant's good reputation as a peaceable and law-abiding citizen. No witness testified to the contrary.

It is apparent, therefore, that the state depended for a conviction upon what is termed the prima facie evidence rule, which we will hereafter discuss.

Appellant did not testify as a witness in his own behalf. He proved by his wife that as a result of his experience in the war he was of a highly nervous nature and temperament and that he used whisky for and in relief of that condition. She insisted that the whisky and beer found in the house was for their own use and not for the purpose of sale.

It is upon the facts stated that the jury found appellant guilty of possessing the whisky and beer found in his house for the purpose of sale and assessed his punishment at a fine of $250 and four months' confinement in the county jail.

Appellant insists that a search of his private residence, under the circumstances here shown, was a violation of the constitutional guarantee against unreasonable searches and seizures. (Const., Art. 1, Sec. 9.)

The Constitution prohibits only unreasonable searches and seizures. The legislature, by Art. 666-20, Vernon's P. C., has provided for the issuance of search warrants to search private dwellings. A search made under a warrant issued in accordance with the provisions of that statute is not an unreasonable search.

Here, the affidavit for search warrant was, upon its face, sufficient to authorize the justice of the peace, in the exercise of his judicial discretion, to issue the search warrant.

Whether the affiants, in fact, knew that intoxicating liquor was being sold and possessed for the purpose of sale in the residence, as they swore in the affidavit, is a matter for the magistrate and was not the subject of investigation by the trial court during the trial of this case, nor is it ground for holding the search warrant invalid. Jenkins v. State, 116 Tex. Cr. R. 374, 32 S. W. 2d 848; Ware v. State, 110 Tex. Cr. R. 90, 7 S. W. 2d 551; Bird v. State, 110 Tex. Cr. R. 99, 7 S. W. 2d 953.

The search warrant authorized the search. Moreover, the appellant, by the testimony of his witnesses, having shown that he was in possession of the whisky and beer found in his residence, rendered untenable his objection to proof of such fact by the officers making the search. Soble v. State, 153 Tex. Cr. R. 629, 218 S. W. 2d 195.

This brings us to a discussion of the error in the charge in submitting the prima facie evidence rule as applied to both whisky and beer.

Art. 666-23a, Sec. 2, Vernon's P. C., provides:

"Possession of more than one quart of liquor in a dry area shall be prima facie evidence that it is possessed for the purpose of sale."

The term, "liquor," as there used, means a beverage con-

taining more than four per centum of alcohol by weight, (Art. 666-3a, Vernon's P. C.), thereby excluding beer.

Art. 667-25, Sec. (b), Vernon's P. C., is the prima facie evidence rule relating to beer, and reads as follows:

"Possession by any person in any dry area of beer in any quantity exceeding twenty-four (24) bottles having a capacity of twelve (12) ounces each shall be prima facie evidence of possession for the purpose of sale in a dry area."

The two prima facie evidence statutes are separate and distinct and relate to two separate and distinct alcoholic beverages.

Here, the trial court submitted to the jury both of these statutes and expressly authorized the jury to convict appellant of possessing for the purpose of sale both whisky and beer.

Appellant excepted to said charge, insisting that inasmuch as there was no testimony showing that appellant did, in fact, possess the beer for the purpose of sale and there having been found in his possession only and not more than twenty-four twelve-ounce cans of beer, the prima facie evidence statute as to the possession of beer did not apply and that the facts were therefore insufficient to authorize his conviction for possessing the beer for the purpose of sale.

With appellant's contention we are in accord.

There were no sufficient facts before the jury authorizing appellant's conviction for possessing the beer for the purpose of sale.

The trial court should, under the facts here presented, have limited appellant's guilt before the jury to the possession of the whisky and not have authorized, also, his conviction for possession of the beer.

For the error stated, the judgment is reversed and the cause remanded.

Opinion approved by the court.