EDWARD B. GOODMAN V. STATE.

No. 25008. November 15, 1950.

*W. E. Martin,* Abilene, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was convicted by a jury on a charge of possessing beer for sale in a dry area. His punishment was assessed at a $100.00 fine and thirty days in jail.

Only one witness testified in behalf of the state. Armed with a search warrant he went to the premises where appellant and four others were found drinking beer in the kitchen. He asked who was in possession of the premises and appellant replied that he was. The officer then served him with a search warrant and obtained, as the fruits of the search, twenty-five bottles of beer, a sufficient quantity to support a presumption of guilt under the charge. The witness said that he had seen the defendant at the same place on a prior occasion.

Appellant did not testify or make any denial of the foregoing evidence. Some witnesses, including his father, testified as character witnesses. Another party testified in his behalf that the house belonged to a sister of such witness, but that a brother was occupying it at the time of the search. That brother had joined the armed services and did not appear as a witness. No other pertinent testimony is found in the record.

The court gave a general charge, together with some special charges. Appellant requested two special charges. One of these

was a charge on circumstantial evidence. We do not view this as a circumstantial evidence case.

The second requested special charge, which was refused by the court, instructed the jury that if they believed the beer in question was in the possession of Joe McLoughlin, or they had a reasonable doubt thereof, they would acquit the defendant even though they should find further that appellant was temporarily in charge of the house where the beer was found.

The record before us does not contain any evidence to warrant such charge and it was properly refused by the court.

Finding no reversible error, the judgment of the trial court is affirmed.