### EDWARD LIGHTFOOT V. STATE.

No. 26,361. April 15, 1953.

No attorney for appellant of record on appeal.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Unlawfully possessing beer, gin, and whisky for the purpose of sale in a dry area is the offense; the punishment, a fine of $200 and 90 days in jail.

Twenty-three cans of beer, four half pints of gin, and three half pints of whisky were found in appellant's possession. Testifying in his own behalf, appellant admitted the possession of the intoxicants and claimed that he had them for his own use and not for the purpose of sale.

Appellant admitted that he was one and the same person convicted prior thereto of an offense of like character as that here charged and alleged by the state in the information.

The facts abundantly establish appellant's guilt.

The trial court submitted the rule as to the possession of more than one quart of liquor being prima facie evidence that such possession is for the purpose of sale. (Sec. (2), Art. 666-23a, Vernon's P. C.) and the rule as to the possession of more than twenty-four twelve-ounce bottles of beer being prima facie evidence that the beer is possessed for the purpose of sale. Sec. (b), Art. 667-25, Vernon's P. C.

Appellant is correct in his contention that inasmuch as there were fewer than twenty-four bottles of beer found in his pos-

session, the prima facie evidence rule mentioned had no application. Crecelius v. State, 155 Tex. Cr. R. 30, 230 S. W. 2d 826. But such fact by no means prevents this conviction from being sustained upon the proof showing the possession of more than a quart of liquor, which term includes gin and whisky. Sec. 5, Art. 666-3a, Vernon's P. C.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.