## MICHAEL J. CRIMALDI V. STATE.

No. 26,402.   May 6, 1953.
Rehearing Denied June 17, 1953.

*C. L. Harris,* Lubbock, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for the unlawful possession of alco-

holic beverages for the purpose of sale in a dry area; punishment assessed at six months in jail and a fine of $1,000.

It was stipulated that Lubbock County was a dry area.

On November 3, 1952, two representatives of the Texas Liquor Control Board, two deputy sheriffs, and the constable went to a building in Lubbock occupied by the Hub City Club, owned and managed at the time by the appellant. This building had a dining room, space for dancing, kitchen, storerooms, and an office. After entering the main building, the officers opened the office of appellant, and in his absence found sixteen bottles of whiskey and gin with two bottles partly empty in an ottoman, then the officers left the office. Within five minutes, the appellant came and entered the office, taking a seat behind a desk. The officers followed him, and one sat on the ottoman within three or four feet of the desk, while others were searching in the rooms. The ottoman was in the way of the search and upon an effort to move it, the appellant took hold of it and the top came off, exposing the sixteen four-fifths of whiskey and gin, all full except two that had been opened. Appellant appeared to be surprised, saying "he had been framed by some Negroes." This office could be locked and appellant had a key.

Appellant testified that he did not know the liquor was there and it was not his; that someone had placed it there without his knowledge; that several persons had access to the office.

The court charged the jury that if appellant had no knowledge of the whiskey and gin to find him not guilty or if they had a reasonable doubt thereof, to acquit him.

We find the evidence sufficient to support the judgment.

Appellant contends that the court erred in overruling his first application for a continuance because of the absence of an alleged material resident witness who had not been summoned; appellant further alleged that he had learned that said witness was in Fort Worth, "and probably will not return for a couple of weeks or more, but will return before the next term of this court."

Neither the application for said witness, nor the subpoena for him appear in the record. It is not shown that the subpoena was delivered to the sheriff or other officers, nor is it shown to

what county it was directed. In the absence of this information, this court is unable to determine whether the appellant used diligence to secure the attendance of the witness. Green v. State, 113 Tex. Cr. R. 555, 23 S.W. 2d 721.

No error is shown in overruling appellant's motion for continuance.

Appellant complains of the failure of the court to charge on circumstantial evidence, as shown by a bill of exception and a requested charge.

The evidence discloses that sixteen "four-fifths of whiskey and gin" with two bottles partly empty, were found in appellant's office.

Art. 666-23a (2), V.A.P.C., provides that "possession of more than one quart of liquor in a dry-area shall be prima facie evidence that it was possessed for the purpose of sale," and the court instructed the jury in accordance with this provision. Therefore, appellant's contention that a charge on circumstantial evidence should have been given cannot be sustained. Clinnard v. State, 149 Tex. Cr. R. 472, 196 S.W. 2d 522; Magee v. State, 135 Tex. Cr. R. 161, 118 S.W. 2d 591.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Presiding Judge.

In the opinion affirming this case mention is made of the fact that the bill of exception relative to the action of the court in overruling the appellant's motion for a continuance failed to contain the application to compel the attendance of the witness, Jim Buster, or the appearance in the record of the subpeona for said witness. Appellant has now perfected the record by showing that such now appears therein and that a subpoena for said witness had been issue on the 26th day of November, 1952; that the subpoena was returned by the sheriff "not executed as to the witness Jim Buster & Richard P. Morris for the following reason: "Unable to find at home."

In the motion for a continuance herein, which is the subject of Bill of Exception No. 2, it is shown that appellant had ascertained the fact on November 26, 1952, that this cause was set down for trial at some future date, the record showing that it was actually tried on December 3, 1952, or seven days after the subpoena had been issued relative to Jim Buster. In the motion it is alleged that appellant had been diligently looking for Jim Buster and tried to ascertain his location and had found out that he was visiting somewhere in Fort Worth, Texas; "and will probably not return to this city for a couple of weeks or more, but will return before the next term of this court; that the facts which this defendant expects to prove by said witness are as follows: That the said Jim Buster was the owner of the whiskey found on the premises of the Hub City Club, which is the same whiskey which is alleged in the information filed in the above numbered and entitled cause, to have been possessed by this defendant for the purpose of sale."

In the appellant's motion for new trial heard and overruled on December 18, 1952, we note that there is no affidavit or statement from the desired witness, Jim Buster, showing any testimony of any kind that he would have given had he been present at the trial, nor any testimony of any kind that he would give in the event of a further trial of this cause. The first motion for a continuance is not a matter of right, and like other motions, it must depend upon the surrounding circumstances of the case as well as other matters of diligence. It is shown from the statement that the witness would probably return to the county where this matter had been tried within a reasonable time. If so, we think that if his affidavit accompanied the motion for new trial relative to the possession of this liquor being in himself, it should have been shown.

We see no reason why this motion should be granted herein unless it be satisfactorily shown that the witness would have given the desired testimony in the event of the granting of a new trial.

The motion for rehearing is therefore overruled.