RUBIN HOGAN V. STATE.

No. 26,657. January 27, 1954.

*Chappell & Chappell,* and *Merrick & Kennedy,* by *Jack G. Kennedy,* Lubbock, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

At a former day of this term, we erroneously dismissed the appeal in this case. That error is now corrected by reinstating the appeal and giving consideration to the case upon its merits. The opinion dismissing the appeal is withdrawn.

This is a conviction for possessing whisky, wine, and beer for the purpose of sale in a dry area; the punishment, a fine of $500 and sixty days in jail.

About two o'clock on the afternoon of March 4, 1953, agents of the Texas Liquor Control Board observed an automobile being driven to and stopped in front of a cafe. Appellant went to the automobile and engaged in a conversation with the occupant thereof. Appellant was then seen to go into a nearby house. When he came out of the house he was carrying a case of beer.

The agents stopped appellant and asked him for permission to search the house. Appellant took from his pocket a key with which he unlocked the door. He then said to the officers, "Just go right in and look."

Two hundred eighty-four half-pints of whisky, eight cases of beer, and a quantity of wine were found in the house.

Testifying as a witness in his own behalf, appellant denied the possession of the house or of the intoxicants found therein. He also denied having given his consent to the search of the house or of having voluntarily opened the house. He claimed that the case of beer which he had when apprehended was given to him by another person and that it did not come out of the house in which the other intoxicants were found.

There is no testimony in the record that any person other than the appellant had or was exercising any control or possession over the house at the time, or was in position to do so. Nor does the evidence suggest that the key to the house which appellant produced was capable of being used to unlock any other door.

In submitting the case to the jury, the trial court made appellant's guilt to depend upon the possession by him of the whisky, beer, and wine found in the house, because the jury were instructed to acquit the appellant if they entertained a reasonable doubt as to his possession thereof.

The state's testimony showing that appellant was in possession of more than a quart of whisky rendered unnecessary a charge on circumstantial evidence, and appellant's request for such a charge was properly overruled. Gonzales v. State, 157 Tex. Cr. R. 8, 246 S. W. 2d 199; Goodman v. State, 155 Tex. Cr. R. 248, 233 S. W. 2d 848; McSwain v. State, 155 Tex. Cr. R. 38, 230 S. W. 2d 227.

The trial court was authorized to accept the testimony of the state's witnesses showing appellant's consent to the search of the house. The objection to proof of the result of the search as being unwarranted was untenable.

No error appearing, the judgment is affirmed.

Opinion approved by the court.