JOHN M. PADILLA v. STATE

No. 27,212. November 24, 1954
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 5, 1955

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

*Reed & Reed,* by *T. M. Reed,* Abilene, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the possession of whisky and beer in a dry area for the purpose of sale; the punishment, 15 days in jail and a fine of $150.00.

Investigator Bowman of the Texas Liquor Control Board testified that he went to the appellant's home at 4:00 p.m. on the day in question, knocked on the door and told appellant's wife that he wanted a bottle of whisky; that she said, "Just a minute"; that the appellant came to the door and told him to wait just a few minutes, and shortly thereafter Mrs. Padilla returned and delivered him a half-pint of whisky, for which he paid her two dollars. Bowman also stated that at 9:30 P.M. on the same day, in company with Investigator Pierce, he returned to the Padilla home, told Mrs. Padilla that he wanted a pint of whisky, which she sold him, and that he then stepped inside the kitchen door and told her that he was an officer and wanted to search; that she said there was no more whisky there and to "go ahead and look," and as a result of their search they found 6-1/2 pints of whisky and 12 cans of beer.

Investigator Pierce testified that he witnessed the sale and then followed Bowman into the house; that he found the appellant lying in bed in his room; that the appellant said there was no more whisky in the house but that they could go ahead and look; and that they found the whisky near his bed and the beer in the ice box.

Appellant did not testify or offer any evidence in his behalf.

Appellant presents only three bills of exception by which he attacks the legality of the search because the officers did not have a search warrant. He challenges the efficacy of the consent given because the officers were already in the house when the consent to search was secured.

Attention is directed to the fact that Officer Bowman was an invitee upon the premises because he had just consummated a purchase from the appellant's wife. Be this as it may, it is apparent from the record that the consent was secured before any contraband was found, and there is an entire absence of any showing that the officers in any way intimidated either the appellant or his wife into giving their consent to the search.

This court has held that a wife may consent to the search of her husband's home. Ellis v. State, 130 Texas Cr. Rep. 220, 93 S.W. 2d 433, and Wheeless v. State, 142 Texas Cr. Rep. 68, 150 S.W. 2d 306. We have also held that the fact that the person who gave the consent to search knew that the one making the search was an officer did not render the consent involuntary. Compton v. State, 148 Texas Cr. Rep. 204, 186 S.W. 2d 74.

We find the fruits of the search admissible.

Appellant further complains of the refusal of the trial court to submit his request charge on circumstantial evidence. This court has recently, in Crimaldi v. State, 158 Texas Cr. Rep. 600, 259 S.W. 2d 203, and Hogan v. State, 159 Texas Cr. Rep. 343, 264 S.W. 2d 113, held that where the accused is shown to have more intoxicants than provided for by the prima facie evidence statute a charge on circumstantial evidence is not required. In Lightfoot v. State, 158 Texas Cr. Rep. 460, 256 S.W. 2d 845, as in the case at bar, the accused had less beer and more whisky than provided for by the prima facie evidence statute, and we held the presumption as to the whisky supported the conviction for the possession of beer and whisky for the purpose of sale.

Finding no reversible error, the judgment of the trial court is affirmed.